GOULD ET AL., APPELLANTS, *v.* LYNN, RESPONDENT.

(No. 6,681.)

(Submitted November 14, 1930.  Decided December 9, 1930.)

[293 Pac. 968.]

*Mr. C. C. Rowan,* for Appellants, submitted a brief and argued the cause orally.

*Mr. John G. Skinner,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

In this case the plaintiff seeks to recover money alleged to have been loaned to the defendant on June 26, 1929, aggregating $820. Originally the plaintiff commenced four separate actions in the justice court of Red Lodge Township in Carbon county, to recover the amount claimed by the plaintiff, each of such actions being within the jurisdictional limit of a justice court. The defendant answered the complaints in each of such actions, denying the indebtedness and by way of affirmative defense averred that the transaction out of which the alleged indebtedness of the defendant to the plaintiffs arose was one of gambling, therefore unlawful, and that the plaintiffs, by reason thereof, cannot recover. And by way of cross-complaint the defendant sought the recovery of $40 in cash paid to the plaintiff Gould by the defendant during the progress of the alleged gambling game. Judgment in each of these cases was duly made and entered in favor of the plaintiff for the full amount sought to be recovered. The defendant thereupon appealed to the district court from each of such judgments and the appeals in the district court were consolidated under authority of section 9820, Revised Codes 1921. Upon trial to a jury in the district court on November 9, 1929, verdict was in favor of the defendant, upon which judgment was accordingly duly entered and the plaintiffs have therefrom appealed to this court. The plaintiffs made a motion for a new trial, based upon newly discovered evidence, among other reasons stated, which was denied by the court.

The plaintiffs' specifications of error raise but one question necessary to be discussed and determined in disposition of

this appeal, namely: Did the court err in denying the plaintiffs' motion for a new trial?

On the trial the evidence was in sharp conflict as to whether the alleged indebtedness was contracted in connection with a gambling game (craps) played by the defendant with the plaintiff Gould as a result of which, to cover losses, the defendant executed and delivered seven checks on the American National Bank of Bridger, aggregating $820, payment of which was stopped by the defendant at the bank before they were presented for payment. The plaintiff Gould testified that the checks were by him cashed upon presentation to him by the defendant at his (Gould's) place of business (the Antler Hotel), and he denied having participated in any gambling game with the defendant, as a result of which the checks were issued, or at all. Gould's testimony is to the effect that he was at his place of business, the Antler Hotel in Bridger, the night of June 26, 1929, and the defendant called there at least seven times that night and had him cash as many checks aggregating the total of $820, and that the defendant was well known to the plaintiff Gould and was then and had theretofore been for some time engaged in the restaurant business directly across the street from the plaintiff's hotel. He further testified that he understood that the defendant was at his restaurant engaged in a gambling game on the night of June 26, 1929, with a man by the name of Gates, who was registered as a guest at the Antler Hotel, and that the defendant had lost money in such game.

On the contrary, the defendant testified that on the night in question he was engaged in a gambling game of craps with 'the plaintiff Gould in the rear of the defendant's restaurant and in consequence lost to the plaintiff Gould the sum of $40 in cash, and additionally $800 represented by the checks in evidence. As to one of the seven checks for the sum of $20, it is admitted by both parties that that amount was advanced by the plaintiff to the defendant in order that the defendant might have money on hand with which to open his place of business the morning following.

504

In support of the plaintiff's motion for a new trial Gould filed the affidavits of three additional witnesses whose testimony he considered important in establishing his case against the defendant, and in this connection his own affidavit showing that he had just learned (November 27, 1929) of the testimony which the additional witnesses would give in the case, and that he would produce them as witnesses if granted a new trial.

The affidavit of Frank Hoffman is to the effect that he is well acquainted with a traveling man who sells candy by the name of Gates, and that affiant was in Bridger on June 26, 1929, and that between the hours of 11 o'clock P. M. and 1 o'clock A. M. of the morning of June 27th he attempted to enter the restaurant of the defendant and found it locked, and thereupon looked into the building and observed a light in the back room and the defendant Ted Lynn and the traveling man Gates in the rear room on their knees on the floor shaking dice, and that there was no one else in the room other than the defendant Lynn and Gates; that a short time later the affiant went to the Antler Hotel and there observed the plaintiff J. C. Gould who was then in charge of the hotel and the only person on duty in charge thereof; that affiant had not before (November 27, 1929) made these facts known to the plaintiff Gould for the reason that he had been working out of the city of Billings since June, 1929, but that if a new trial of the case is granted the affiant will appear as a witness and testify positively to the facts stated, and that the plaintiff Gould "was not and could not have been present in the defendant Lynn's restaurant at the time in question, which was the night of June 26, 1929." R. E. Gillies made affidavit to the effect that on the night of June 26, 1929, he was at Bridger and a guest at the Antler Hotel and that he saw the plaintiff J. V. Gould in that hotel at all times between 9:15 to 9:30 P. M. and to about 10:30 P. M. "and that the plaintiff (Gould) could not have been in the defendant's restaurant during that time, for the reason that he was at all such times at his own hotel, the Antler Hoted." John Shupak made affidavit substantially to the same effect as the affidavit made

by R. E. Gillies. The plaintiff made adequate showing of diligence and that he did not know of the existence of the evidence now proposed, at or before the time of the trial. Counter-affidavits were filed by the defendant, one by himself and one by James Hanley, tending to impeach the statements made in the affidavits by the plaintiffs filed in support of the motion for a new trial.

Under the terms of the statute, a new trial may be granted for cause materially affecting substantial rights on application of the party aggrieved, among other reasons, because of ''newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.'' (Subd. 4, sec. 9397, Rev. Codes, 1921.)

As indicated by the language employed in the statute, applications for a new trial on the ground of newly discovered evidence are addressed to the sound legal discretion of the trial court, and its action thereon ordinarily will not be disturbed on appeal, except for a clear and unmistakable abuse of such discretion. (*State* v. *Brooks,* 23 Mont. 146, 57 Pac. 1038; *In re Colbert's Estate,* on rehearing, 31 Mont. 477, 107 Am. St. Rep. 439, 3 Ann. Cas. 952, 80 Pac. 248.) To warrant the granting of a new trial on the ground of newly discovered evidence, it must appear to the court that there is reasonable probability that, upon a retrial, the evidence proposed will change the result. (20 Cal. Jur., p. 92.)

With these settled rules in mind, we hesitate to overturn the action of the court in denying the plaintiff a new trial. However, this case is unusual in that there is no agreement between the plaintiff and the defendant as to any of the salient facts. Each tells an entirely different story concerning their transactions. It is manifest that one or the other is telling an absolute falsehood; consequently, the newly discovered evidence now offered is of the utmost importance to the court and jury in determination of the credibility of the testimony of both the plaintiff and defendant. It is obvious that decision of the case in justice to the parties is dependent

wholly upon their credibility as witnesses. That is all-important in meting out justice in the case. Upon presentation of this additional evidence, there is good reason to believe that a different result may be reached in the case. Justice should be done between the parties, and we believe that upon the showing made by the plaintiff the trial court abused its discretion in denying him a new trial.

The jury were not instructed with reference to the right of the plaintiff Gould to collect from the defendant the sum of $20 admittedly given him by the plaintiff Gould, independent of any gambling transaction, nor were instructions offered by either of the parties with respect thereto. The defendant made prima facie proof of his cross-complaint for the sum of $40 cash by the defendant lost and paid to the plaintiffs in cash, and upon a retrial the court should instruct the jury upon these issues.

For the reasons stated the judgment is reversed and the cause is remanded to the district court of Carbon county for a new trial.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.