[Civ. No. 2830. Second Appellate District, Division One.—April 17, 1920.]

## CHARLES E. SUMNER, Respondent, v. GEORGE F. MOHN, Appellant.

[1] HUSBAND AND WIFE — MARITAL DIFFERENCES — EMPLOYMENT OF ATTORNEY BY WIFE—AGENCY.—Statements by the husband to the wife that "we had better settle up and separate" and "you go ahead and get your counsel and I will get mine," made because of existing marital differences, but not communicated to the attorney from whom the wife thereupon sought advice as to such marital · differences and who subsequently brought an action against the husband for separate maintenance, cannot be construed as creating an agency in the wife with power to make a contract

in the name of the husband and binding him to pay for such services rendered to her alone and against him as principal.

[2] ID.—SUIT FOR SEPARATE MAINTENANCE—LEGAL SERVICES RENDERED WIFE—NECESSARIES—LIABILITY OF HUSBAND.—Legal services rendered to the wife in connection with the bringing of a suit against the husband for separate maintenance does not constitute necessaries, for which the husband is liable under section 174 of the Civil Code.

[3] ID.—RIGHTS OF WIFE — HOW PROTECTED — IMPLIED POWER TO PLEDGE HUSBAND'S CREDIT.—Section 137 of the Civil Code guarantees the wife full and complete relief and provides the means necessary for securing her rights in the prosecution of a suit for separate maintenance, and, in the absence of necessity for pledging the husband's credit, no implied power to do so exists.

[4] ID.—POWER OF WIFE TO CONTRACT FOR LEGAL SERVICES—RIGHT OF ATTORNEY TO RECOVER FROM HUSBAND.—A wife has no implied power to make a contract for legal services to be rendered for her sole benefit in matters adverse to the husband; and the attorney rendering such services at her request cannot recover therefor in an independent action against the husband.

APPEAL from a judgment of the Superior Court of San Diego County. S. M. Marsh, Judge. Reversed.

The facts are stated in the opinion of the court.

Adam Thompson, Iverson L. Harris and Patterson Sprigg for Appellant.

Wright & McKee for Respondent.

SHAW, J.—In this action plaintiff sued for the reasonable value of legal services alleged to have been performed for defendant at his special instance and request.

The case was tried by a jury, which gave a verdict in favor of plaintiff for eleven hundred dollars. Judgment followed accordingly, from which defendant appeals, presenting in lieu of a bill of exceptions a typewritten record as provided in section 953a of the Code of Civil Procedure; and in their briefs the parties have printed portions of the record upon which they rely in support of their respective contentions. Though nothing appears in the complaint or bill of particulars rendered by plaintiffs on demand of defendant to indicate such fact, it nevertheless

appears from the evidence received that plaintiff's claim for compensation is based upon services not in fact rendered to or performed for defendant, but for the latter's wife, who, as claimed by plaintiff, was agent of the husband, and being thereunto, at the expense of defendant, expressly authorized so to do, employed plaintiff as her attorney, from whom she sought advice as to marital differences existing between herself and husband, as a result of which, after some eighty or ninety separate consultations, covering a period of three or four months, plaintiff for the wife brought an action against defendant for separate maintenance.

The existing agency and the fact that the wife of defendant was by him expressly authorized to employ plaintiff as an attorney, and thus obligate him to pay for the services rendered his wife, depends solely and alone upon the latter's testimony, who, notwithstanding the provisions of section 1881 of the Code of Civil Procedure, was permitted to testify against her husband without objection interposed by defendant, who now for the first time claims that it was error. [1] Without considering the point, we may say that her testimony is insufficient to justify the finding implied by the verdict that she was authorized to act for defendant in employing plaintiff as her attorney at the expense of her husband in matters adverse to him and for the purpose of instituting an action against him. Her testimony, after stating at great length the existing marital differences and causes thereof, is that on the evening of October 11, 1917, "Doctor Mohn [the defendant] said to me, 'Well, we had better settle up and separate'; he said, 'You go ahead and get your counsel and I will get mine.'" And again, "on the afternoon of October 15th, Doctor Mohn told me to go ahead and get an attorney, and we would settle this thing up." This testimony and this alone, *not, however, communicated to the plaintiff*, constitutes the only evidence in support of plaintiff's claim that, in employing him as an attorney against defendant, his client acted merely as agent of the defendant, who was obligated to pay for the services so adversely rendered. Conceding the statements, the making of which defendant denies, were in fact made, they could not under the circumstances have been reasonably understood by Mrs. Mohn or intended by defendant to have

been made with the intent and purpose of conferring authority upon the wife as agent of her husband to obligate him upon the alleged contract. Suppose in a dispute over a boundary line between A and B, the former should say to the latter, "You go ahead and get your attorney and I will get mine and we will settle this matter," manifestly B's attorney could not recover from A for services rendered B upon the theory, based upon the language used, that in employing him B was acting as the agent of A, having authority to engage counsel for himself at A's expense. This being true, it follows that, since, as to existing differences between the husband and wife, their relation was that of strangers, what was said by Dr. Mohn cannot be construed as creating an agency in the wife with power to make a contract in his name and binding him to pay for services rendered to her alone and against the husband as principal.

[2] Conceding the evidence insufficient to show express authority conferred upon defendant's wife to make the alleged contract, plaintiff nevertheless insists that the services rendered must be deemed necessaries furnished her; and hence, under the provisions of section 174 of the Civil Code, the husband is, regardless of the question of express agency, liable for the value thereof. The section provides that in case the husband "neglect to make adequate provision for the support of his wife, . . . any other person may, in good faith, supply her with articles necessary for her support, and recover the reasonable value thereof from the husband." The services rendered, according to respondent, "were for investigation, consultation, preparation, and the beginning of a suit for separate maintenance, and covered a period extending from October 12, 1917, to April 3, 1918." While cases may be found tending to support respondent's contention, the overwhelming weight of authority is to the contrary. The statutory liability of the husband is for articles necessary for the wife's *support*. In our opinion, legal services cannot be deemed such articles. The common law defines necessaries to consist only of necessary food, drink, clothing, washing, physic, instruction, and a convenient place of residence. (2 Kent's Commentaries, 124; *Shelton* v. *Pendleton,* 18 Conn. 417; *Coffin* v. *Dunham,* 8 Cush. (Mass.) 404, [54 Am. Dec. 769]; *Clarke* v. *Burke,*

65 Wis. 359, [56 Am. Rep. 631, 27 N. W. 22], and cases referred to in note in L. R. A. 1915C, p. 467.)

[3] Moreover, the services rendered pertain to the bringing of a suit for separate maintenance, and the statute (sec. 137, Civ. Code) provides that the court may require the husband to pay such money as may be necessary for the prosecution of the action. This statute guarantees the wife full and complete relief and provides the means necessary for securing her rights, and, hence, in the absence of necessity for pledging the husband's credit, no implied power to do so exists. (*Meaher* v. *Mitchell,* 112 Me. 416, [Ann. Cas. 1917A, 688, L. R. A. 1915C, 467, 92 Atl. 492].) In the action for separate maintenance the court had before it the parties, their property, their merits and delinquencies, and was thus, as intended by the statute, not only in a position to fix the compensation of plaintiff for the services rendered to the wife, but presumably did require the husband to pay such sum as it deemed just and equitable therefor. [4] In view of the code provisions of this state, a wife has no implied power to make a contract for legal services to be rendered for her sole benefit in matters adverse to the husband. Hence, it follows that the attorney rendering such service at her request cannot recover therefor in an independent action against the husband. To so hold would not only jeopardize the marital or separate estate of the husband, thus violating a sound public policy, but ignoring the great weight of opinion elsewhere expressed upon the subject.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 14, 1920.

All the Justices concurred.