No. 13260

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

BETTY GUNN ESCHENBURG,

        Plaintiff and Respondent,

-vs-

EMIL P. ESCHENBURG,

        Defendant and Appellant.

---

Appeal from: District Court of the First Judicial District,
        Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

    For Appellant:

        Small, Cummins, Hatch and Gregory Jackson, Helena,
        Montana
        Gregory Jackson argued, Helena, Montana

    For Respondent:

        Hughes, Bennett, Cain, Kellner and Sullivan,
        Helena, Montana
        Stuart L. Kellner argued, Helena, Montana

    For Amicus Curiae:

        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana
        Donald Smith appeared, Assistant Attorney General,
        Helena, Montana

---

Submitted: October 26, 1976

Decided: DEC 15 1976

Filed: DEC 15 1976

*Thomas J. Kearney*
              Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court, Lewis and Clark County, following a trial to the court, sitting without a jury.

This appeal stems from the granting of an absolute divorce to both parties on the grounds of irreconcilable differences, the property division, and an award of alimony to plaintiff. The divorce per se is not at issue, only the property division and alimony award are questioned by plaintiff.

At the time of trial the parties had been married thirty-two years, their four children had reached majority with one daughter still living with plaintiff, and they had acquired the following property:

A residence in Helena, Montana, with a mortgage thereon;

A residence in Virginia, with a mortgage thereon;

Stocks and securities;

Paid up life insurance policies (amounting to $50,000);

Personal property and household goods;

Two automobiles (a Scout and an Oldsmobile); and

Two unimproved lots in Virginia.

Their relative gross incomes at this time were:

Defendant: $2,000/month - Army pension,
$1,000/month - real estate salesman
$350/month - rental income

$3,350/month - Total

Plaintiff: $475/month - Secretary.

During the first 27 years of their marriage defendant was a career Army officer, obtaining the rank of Brigadier General at the time of his retirement, and participated in three extended foreign tours of duty in World War II, Korea, and Vietnam. Throughout this time, defendant solely contributed

- 2 -

financially to the marriage.

Plaintiff married defendant before finishing college and throughout the marriage managed the household, raised their four children (such responsibilities handled alone during defendant's foreign tours of duty), entertained at social functions, worked in the Army wives' auxiliaries, nurseries, Red Cross relief, and as a voluntary hospital aide. She gained the secretarial employment, mentioned above, after the commencement of this action.

The complaint originally alleged mental cruelty, but was later amended, alleging irreconcilable differences. Plaintiff and defendant were the only witnesses to testify at trial. The district court granted an absolute divorce to both parties, awarded plaintiff alimony of $500/month, and divided the property, subject to any indebtedness thereon, as follows:

To the plaintiff:

The residential property in Helena, Montana.

The household goods and furnishings.

The 1972 Scout automobile.

To the defendant:

The residential property in Virginia.

The two unimproved lots in Virginia.

The 1969 Oldsmobile automobile.

The stocks and securities were to be divided in kind, or if desired, sold on the market with the proceeds so divided. This division was to be one half to each party of the remainder, after allowing for the credits of each party found by the district court in making the entire property division.

Defendant was also directed to name the plaintiff irrevocably as beneficiary to $25,000 of the paid up insurance.

Each party was to pay his or her own court costs and attorney's fees.

The defendant raises four issues:

(1) Whether the district court erred in its property

division and alimony award?

(2) Whether defendant's Army pension was a proper basis for the alimony award?

(3) Whether a finding of fault on the part of defendant is necessary to allow an alimony award for plaintiff?

(4) Whether the applicable alimony statute is an unconstitutional form of sex discrimination?

It is well settled in Montana that a district court has far reaching discretion in resolving property divisions and its judgment will not be altered unless there is a clear abuse of that discretion. Cook v. Cook, 159 Mont. 98, 495 P.2d 591; Francke v. Francke, 161 Mont. 98, 504 P.2d 990; Roe v. Roe, _____ Mont._____, _____P.2d_____, 33 St.Rep. 863.

The district court concluded that plaintiff's contributions in this 32 year long marriage were the raising of the 4 children, managing the household, entertaining at social activities and volunteering her services to other activities related to defendant's career. Furthermore, a large majority of this was performed alone while defendant was away from home pursuing that career. The district court stated that even though these contributions differed in kind, they were of equal weight to the financial contributions of defendant.

Defendant argues that the findings of the district court did not credit him enough for his financial contributions. However, we find the district court's findings in complete accord with the modern trend of Cook, Francke, and Roe to consider more than financial contributions to a marriage when dividing the property since marriage is much more than a business relationship.

We find no abuse of discretion in the district court's judgment which affects an equal property division based upon equal contributions by each party. As stated in Cook, this does

- 4 -

not make Montana a community property state. Each case depends upon its own facts and circumstances and this case warranted an equal distribution.

Nor was it an abuse of discretion for the district court to arrive at a value of its own choosing as to the residential property, applying its own inflation value to the purchase price and not that offered by defendant. Defendant also argues the district court improperly valued the household goods and the Virginia lots. We do not agree. There was conflicting testimony on each and the district court resolved this by giving the household goods to plaintiff and the lots to defendant. This was an equitable division.

As for the alimony, neither party disagrees that such an award depends upon balancing the financial needs of one party and the financial ability to pay of the other. Whether or not defendant caused plaintiff to quit college, it is undisputed that she did not finish college and had limited vocational skills. At the time of trial plaintiff had only a fixed net income of $375 per month from a secretarial position while incurring fixed monthly living expenses, exclusive of any house payment, of $650. At the same time, defendant had net monthly income of $1,300 from his Army pension and an average monthly income of $1,000 as a real estate salesman. In light of these facts we find no abuse by the district court in awarding $500 per month alimony to plaintiff.

Defendant argues that his Army pension is not property jointly acquired during the marriage and as such is not subject to division whereby plaintiff received a portion. What defendant fails to comprehend is that the district court made no property division of the pension but directed defendant to pay $500 per month alimony from the pension or "in lieu thereof

from any earnings he may acquire in excess of said retirement."
Without addressing whether this pension is jointly acquired
property subject to property division, the pension is a source
of income to defendant which the district court properly con-
sidered in fixing his financial ability to pay alimony as related
to the financial needs of plaintiff.

The district court's award of alimony is not based upon
fault by the defendant. As defendant concedes, this Court has
held that it is proper to award alimony when an absolute divorce
has been granted to both parties as was the case here. Burns
v. Burns, 145 Mont. 1,/400 P.2d 642; Stenberg v. Stenberg, 161
Mont. 164, 505 P.2d 110. As stated in Burns:

> " * * * The basis for liability for the payment
> of alimony is the granting of a divorce against
> the person required to pay it, R.C.M. 1947, §
> 21-139. * * *"

The defendant seeks to have us ignore this language be-
cause the divorce was not granted upon one of the traditional
fault grounds, but on the ground of "irreconcilable differences".
We reject his argument.

The irreconcilable differences approach was established
to base divorce upon the realistic notion that neither party to
a broken marriage is totally to blame. By removing the fault
concept, highly emotional courtroom confrontations can be replaced
by a more rational approach to the divorce process and avoids as
much unnecessary psychological and emotional stress to the parties
as possible. Our interpretation of section 21-139, R.C.M. 1947,
in Burns is equally applicable here. As long as the district
court entered the divorce against both parties, the district court
properly awarded alimony to the plaintiff. We do not believe the
legislature intended to create the illogical situation whereby
a party must elect to seek a divorce on the traditional fault
grounds and be elgible for alimony, or waive alimony by proceeding

under the modern and enlightened irreconcilable differences approach.

The final issue regarding the constitutionality of section 21-139, R.C.M. 1947, is not properly before this Court and we decline to consider it because defendant has failed to comply with Rule 38, M.R.App.Civ.P. Clontz v. Clontz, 166 Mont. 206, 531 P.2d 1003; Grant v. Grant, 166 Mont. 229, 531 P.2d 1007.

The defendant filed his notice of appeal in this action October 10, 1975. The district court record was filed on February 2, 1976. Notice of the constitutional challenge was not filed until September 2, 1976, the same date as the filing of his reply brief. This does not comply with the notice in writing of the constitutional challenge as required by Rule 38, M.R. App.Civ.P.

The judgment is affirmed.

_____
Chief Justice

We concur:

_____

_____
Justices

_____
Hon. Jack Shanstrom, District
Judge, sitting in place of Mr.
Justice Wesley Castles.