No. 13584

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

IN RE:   THE MARRIAGE OF

SIFROY J. BERTHIAUME,

                    Petitioner and Respondent,

        -vs-

PAULINE H. BERTHIAUME,

                    Defendant and Appellant.

Appeal from:   District Court of the First Judicial District,
               Honorable Peter Meloy, Judge presiding.

Counsel of Record:

     For Appellant:

          Christian, McCurdy, Ingraham & Wold, Kalispell,
          Montana
          Keith McCurdy argued, Kalispell, Montana

     For Respondent:

          Garrity and Keegan, Helena, Montana
          Donald A. Garrity argued, Helena, Montana

                              Submitted:   May 24, 1977

                                Decided:

Filed:

_____
Thomas J. Kearney
                          Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court:

This is an appeal by the wife from the provisions of a divorce decree granted July 14, 1976, in the district court, Lewis and Clark County, concerning property settlement and support of minor children. No issue is taken to the granting of the divorce.

Appellant presents three issues for review:

Issue 1. Whether the district court abused its discretion in making the property division and distribution as set forth in its decree?

Issue 2. Whether the district court abused its discretion by failing to provide for the support of the minor children of the parties in its decree?

Issue 3. Whether the district court abused its discretion by denying appellant's motion for a new trial and overruling her objections to the court's findings of fact and conclusions of law?

Sifroy and Pauline Berthiaume were married in June 1970. Both were employed and continued to be so until Pauline quit her job in August 1974 to take care of their two children. While employed, Pauline earned $6,100 and Sifroy $8,100 per year. Their earnings were put into a joint account and used for family purposes. Following Pauline's termination of employment, she drew unemployment compensation for 14 months at the rate of $68 per week, which was deposited to the joint account. The parties used their total earnings for the family with the exception of $100 per month paid by Sifroy for support of a child of a previous marriage.

At the time of the marriage the parties bought a home in Helena. Sifroy paid $5,500 as a down payment by cashing certificates of deposit. In August 1973 the parties purchased another home with 2 1/2 acres at Elliston, Montana. They borrowed $6,000 from Pauline's parents to make the down payment, paying it back when the Helena home was sold. In addition, from the proceeds of the Helena sale they purchased some cattle. The purchase price of the Elliston property was $25,000 and at the date of hearing approximately $16,000 remained to be paid on the mortgage. The estimated value of the home and property was between $30,000 and $35,000.

During the period they lived at Elliston, they raised a few cattle. The maximum number was 27 head. 7 head were given to Pauline by her parents.

Both parties testified to the ownership of various items of personal property and the desired distribution.

At the time of trial the minor children were aged 5 and 3 and were in Pauline's custody. At that time Sifroy was earning $821 per month and Pauline, who was working for hourly wages as a waitress and janitress, was making approximately $400 per month.

Issue 1. Section 48-321(1), R.C.M. 1947, controls the trial court's consideration and disposition of the marital property. This statute provides:

> "Disposition of property. (1) In a proceeding for dissolution of a marriage, legal separation, or disposition of property following a decree of dissolution of marriage or legal separation by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court, without regard to marital misconduct, shall, and in a proceeding for legal separation may, finally equitably apportion between the parties the property and assets belonging to either or both however and whenever

acquired, and whether the title thereto is in the name of the husband or wife or both. In making apportionment the court shall consider the duration of the marriage, and prior marriage of either party, antenuptial agreement of the parties, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and need of each of the parties, custodial provisions, whether the apportionment is in lieu of or in addition to maintenance, and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution or dissipation of value of the respective estates, and the contribution of a spouse as a homemaker or to the family unit. In disposing of property acquired prior to the marriage; property acquired by gift, bequest, devise or descent; property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or descent; the increased value of property acquired prior to marriage; and property acquired by a spouse after a decree of legal separation, the court shall consider those contributions of the other spouse to the marriage, including the nonmonetary contribution of a homemaker; the extent to which such contributions have facilitated the maintenance of this property and whether or not the property disposition serves as an alternative to maintenance arrangements."

Here, the trial court in its findings of fact No. VIII, found:

"That the parties accumulated real and personal property which is held mostly in joint tenancy.

"The properties of the parties should be divided as equally as possible."

Then, the court went on, and awarded Sifroy the family home without making an offsetting provision for Pauline. Under the evidence, the total market value of the property awarded Pauline amounts to less than $1,000 while that awarded Sifroy amounts to over $17,000. In percentages, Sifroy apparently received well over 90 percent of the combined real and personal property and such award is directly contrary to the district court's finding of fact No. VIII, that the property should be divided as equally as possible. Accordingly, it amounts to a clear abuse of discretion by the trial court and must be reconsidered.

- 4 -

In Porter v. Porter, 155 Mont. 451, 457, 473 P.2d 538, this Court stated the scope of review by the Supreme Court on appeal in cases involving a claim that the district court abused its discretion:

> "* * *a reviewing court is never justified in substituting its discretion for that of the trial court. In determining whether the trial court abused its discretion, the question is not whether the reviewing court agrees with the trial court, but, rather, did the trial court in the exercise of its discretion act arbitrarily without the employment of conscientious judgment or exceed the bounds of reason, in view of all the circumstances, ignoring recognized principles resulting in substantial injustice." 155 Mont. 457.

Issue 2 is directed at the failure of the trial court to make provisions in its judgment decree for the support and maintenance of the minor children. The district court did make its finding of fact No. VI and its conclusion of law No. 3, providing:

> "VI. That the petitioner is an able-bodied person who is capable of contributing to the support and maintenance of the said minor children of the parties hereto. That the petitioner is at the present time employed by the State Motor Pool, State of Montana, and holding a position with that department which pays approximately $800 a month. That $50 a month per child is a reasonable sum to be contributed by the petitioner for the support of said minor children. That support payments should continue for each of said children until said child reaches the age of 18, or is emancipated, whichever should occur first."

> "3. That petitioner shall pay to respondent the reasonable sum of $50 per month per child for the support of said minor children of the parties hereto; that said support payments shall continue for each of said children until said child reaches the age of 18, or is emancipated, whichever should occur first; that the petitioner shall maintain in force and effect an insurance policy providing for medical and hospitalization coverage for the minor children of the parties hereto; that both petitioner and respondent are able-bodied persons capable of providing for the reasonable medical, dental and optical expenses incurred for the proper care and maintenance of the minor children of the parties hereto over and above those amounts covered

by the insurance policy presently in effect on said children; that, therefore, all medical, dental and optical expenses incurred for the proper care and maintenance of the minor children of the parties hereto, over and above those amounts covered by the insurance policy presently in effect on said children, shall be divided equally between petitioner and respondent."

The failure of the trial court to make provision in the decree for the support of the minor children was an obvious oversight and must be corrected. The controlling statute in this respect is section 48-323, R.C.M. 1947:

"In a proceeding for dissolution of marriage, legal separation, maintenance, or child support, the court may order either or both parents owing a duty of support to a child to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:

"(1) the financial resources of the child;

"(2) the financial resources of the custodial parent;

"(3) the standard of living the child would have enjoyed had the marriage not been dissolved;

"(4) the physical and emotional condition of the child, and his educational needs; and

"(5) the financial resources and needs of the noncustodial parent."

On remand, the district court is directed to make an award of support money in its decree in conformity with section 48-323.

Issue three concerns denial by the district court of appellant's motion for a new trial and the overruling of her objections to its findings of fact and conclusions of law.

Section 93-5602, R.C.M. 1947, provides:

"New trial in equity cases. No new trial shall be granted in equity cases, or in cases tried by the court without a jury, except on the grounds mentioned in the first, third, and fourth subdivision of section 93-5603."

- 6 -

Section 93-5603, R.C.M.1947, provides in relevant part:

"When a new trial may be granted. The former verdict
or other decision may be vacated and a new trial
granted, on the application of the party aggrieved,
for any of the following causes, materially affecting
the substantial rights of such party:

"1. Irregularity in the proceedings of the court,
jury, or adverse party, or any order of the court, or
abuse of discretion, by which either party was pre-
vented from having a fair trial;

"* * *

"3. Accident or surprise, which ordinary prudence
could not have guarded against;

"4. Newly discovered evidence, material for the
party making the application, which he could not, with
reasonable diligence, have discovered and produced at
the trial * * *."

This Court in Downs v. Downs, ___Mont._____, 551 P.2d

1025, 1026, 1027, 33 St.Rep. 576, 578, 579, remanded the cause to

the district court with directions to hold a new trial stating:

"In view of the unreliability of the record as to
the true net worth of defendant at the time of the
marriage and at the time of the divorce, the judgment
is set aside."

Further in Downs in support of its conclusion, this Court stated:

"* * * This failure to fully put before the trial
court proper valuation of all the property caused
the trial court to make an inequitable distribution
of the property insofar as plaintiff's needs are
concerned."

Pauline's motions to amend the findings of fact and conclu-

sions of law and to alter or amend the judgment should have been

granted by the district court for the reasons hereinbefore recited.

As an alternative, Pauline asked for a new trial. This motion was

also denied. This denial constituted an abuse of discretion in

that the district court should have required testimony on the value

- 7 -

of the real and personal property, thus enabling it to make an equal distribution of the marital assets and provide for the support of the minor children.

The trial court's decree is set aside and the cause is remanded for new trial on the issues of equitable division of real and personal property of the parties and for determination and inclusion in the decree of a provision for the support of the minor children.

Justice

We Concur:

Chief Justice

Justices