ROLAND KRUSE, Petitioner and Respondent, *v.* LOIS KRUSE, Respondent and Appellant.

No. 14138.
Submitted Oct. 11, 1978.
Decided Oct. 23, 1978.
586 P.2d 294.

Dennis P. Conner (argued), Great Falls, for respondent and appellant.

Larsen & Gliko, Great Falls, David V. Gliko (argued), Great Falls, for petitioner and respondent.

MR. JUSTICE DALY delivered the opinion of the Court.

This is an appeal by defendant-appellant from a judgment of the District Court of the Eighth Judicial District, County of Cascade, distributing marital property following dissolution of the marriage and from the court's order denying a new trial on the same issue.

The parties were married on January 5, 1971, and divorced July 21, 1977. This was respondent's fourth marriage and appellant's second marriage. No children were born of the marriage but appellant has custody of her fourteen year old daughter from her previous marriage.

Respondent is employed as service manager for Castle Mobile Homes where he has worked since 1970. Appellant is currently unemployed but has training and has worked previously as a seamstress. In the six and one-half years of marriage, respondent earned $71,116.75 in wages and appellant earned $16,893.86.

Approximately three years before the parties were married respondent inherited a one-fourth interest in the F. P. Kruse Corporation. This represents a one-fourth interest in approximately 880 acres of unencumbered farmland.

In 1972, respondent was given a fractional interest in the Eden Valley Corporation and he co-signed a promissory note with four other parties for the purchase of 50 percent of said corporation.

The principal and interest on the note is paid totally out of the proceeds received from leasing respondent's share of the Eden Valley property.

In 1973 Arnold Kruse, respondent's brother, purchased a lot in Great Falls, Montana. The lot was purchased at a sheriff's sale for $4,200. Respondent purchased the lot from his brother for the same price using proceeds received from selling a mobile home in which the parties have been living and a 1970 Chevrolet pickup. Respondent still owes Arnold Kruse $500 on the transaction.

The parties purchased a new mobile home in 1973 for $13,000 which was the factory cost of the unit to the dealer, who is respondent's brother. The mobile home was placed on the lot and in June of 1974 a garage was built on the lot at a cost of $3,800. Currently $10,200 is owed on the mobile home and $2,000 remains to be paid on the garage.

A new Mercury Monterey was purchased by the parties in June, 1974, for $4,800. The car is now worth $2,500.

On July 21, 1977, the District Court entered a decree of dissolution of marriage and the property accumulated during the course of their marriage was to be equitably divided. The parties were unable to reach an agreement on division and appellant petitioned the District Court to distribute the property.

After a three day hearing, the court entered its findings of fact, conclusions of law and decree on September 30, 1977. The court concluded that appellant was not entitled to any interest in respondent's ownership of property in the F. P. Kruse Corporation or the Eden Valley Corporation. The court did find appellant was entitled to an award of one-half the net value of the lot, garage, mobile home and Mercury car because of her financial contribution and her nonmonetary contribution as a homemaker. The court s calculations appeared as follows:

| | | |
|---|---|---|
| Lot | $4,200 | |
| Balance Due | 500 | $3,700.00 |

| | | |
|---|---|---|
| Garage........................... | 3,800 | |
| Balance Due...................... | 2,000 | 1,800.00 |
| Mobile Home ..................... | 14,000 | |
| Balance Due...................... | 10,200 | 3,800.00 |
| Mercury Car ..................... | 2,500 | |
| Balance Due...................... | -0- | 2,500.00 |
| Total net value................................ | | $11,800.00 |
| One-Half Thereof ............................. | | $ 5,900.00 |

On October 11, 1977, appellant moved for a new trial to determine the true value of the "net value" of which was used by the court to award her a money judgment. Appellant contended at the hearing on the motion that the court had awarded her one-half the net value of the property but had only used the original cost of the lot, garage and mobile home for purposes of calculation. On the other hand the current market value of the Mercury car had been used. Appellant stated that no objection was being made regarding the court's decision that she was not entitled to any interest in the corporate property but argued there was in inconsistency in the award and the computation of the value of the award. Appellant requested the case be reopened and an appraisal made of the property in question. Appellant's motions at trial appraised had been previously denied.

The District Court denied the motion for new trial and found evidence on the true value of the property was unnecessary due to the relatively short duration of the marriage, the minor monetary contribution by the respondent, the prior marriages of both parties, the support by the parties of appellant's daughter and the special circumstances of acquisition of a portion of the property through the financial support of the respondent's brother.

Two issues are presented on appeal:

1. Did the trial court properly consider the estate of the parties and the value of their property as required by section 48-321, R.C.M.1947?

2. Did the trial court abuse its discretion in denying appellant's motion for a new trial to determine the true value of the property the "net value" of which was used by the trial court in awarding appellant a money judgment?

A court, with jurisdiction to dispose of property pursuant to section 48-321, R.C.M.1947, is required to consider a number of factors:

". . . In making apportionment the court shall consider the duration of the marriage, and prior marriage of either party, antenuptial agreement of the parties, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties, custodial provisions, whether the apportionment is in lieu of or in addition to maintenance, and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution or dissipation of value of the respective estates, and the contribution of a spouse as a homemaker or to the family unit. In disposing of property acquired prior to the marriage; property acquired by gift, bequest, devise or descent; property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise or descent; the increased value of property acquired prior to marriage; and property acquired by a spouse after a decree of legal separation, the court shall consider those contributions of the other spouse to the marriage, including the nonmonetary contribution of a homemaker; the extent to which such contributions have facilitated the maintenance of this property and whether or not the property disposition serves as an alternative to maintenance arrangements."

■ Appellant's only contention is that the trial judge failed to consider the estate of the parties and the value of their property at the time of dissolution of the marriage. All other factors were properly considered.

Section 48-321 requires that the estate of "each of the parties" be considered. the trial judge's Finding of Fact No. 11 provides us with the assets of each of the parties prior to marriage. Finding of

Fact No. 12 sets forth the assets accumulated during the course of the marriage. This we find to be a sufficient consideration of the parties' estate.

■ It is well settled in Montana that a District Court has far reaching discretion in resolving property divisions and its judgment will not be altered unless a clear abuse of that discretion is shown. *Zell v. Zell* (1977), 174 Mont. 216, 570 P.2d 33; *Eschenburg v. Eschenburg* (1976), 171 Mont. 247, 557 P.2d 1014; *Roe v. Roe* (1976), 171 Mont. 79, 556 P.2d 1246; *Cook v. Cook* (1972), 159 Mont. 98, 495 P.2d 591.

■ We find no abuse of discretion in the court's determination that appellant has no interest in respondent's ownership of property in the F. P. Kruse Corporation or the Eden Valley Corporation. Respondent inherited the interest in the F. P. Kruse Corporation prior to the marriage. The interest in the Eden Valley Corporation was a gift. Section 48-321 requires that in disposing of property acquired before the marriage or property acquired by gift, contribution of the other spouse, including homemaking, shall be considered. Appellant made no claim to the inherited property and made no financial contribution to the interest in the Eden Valley property. However, appellant did make a substantial contribution to the marriage and this is revealed in the court's Finding of Fact No. 17.

"17. *CONTRIBUTIONS:* Petitioner made the greater financial contribution to the marriage and the acquisition of assets during the marriage. However, Respondent, in addition to contributing her salary to the marriage made a substantial contribution as a homemaker, doing household chores, preparing meals, gardening, canning, ironing. Respondent was an excellent homemaker."

Clearly, the trial judge considered the contributions of appellant in making the property distribution.

In the exercise of his discretion the trial judge awarded appellant one-half the net value of the lot, garage, mobile home and Mercury car, all of which were acquired during the course of the marriage. This award was based on appellant's financial and homemaking contributions. Having refund appellant's request to have the prop-

erty appraised the trial judge had only the original costs of lot, garage and mobile home to use in calculating the award. The lot had been purchased four years earlier at a sheriff's sale. The value placed on the garage was its construction cost three years earlier. The mobile home was valued at the factory cost to a dealer in mobile homes. Finally, the market value of the Mercury car had been introduced into evidence and this value was used by the Court.

Recent decisions by this Court have dealt with the problems related to the valuation of property in dissolution proceedings. In *Downs v. Downs* (1976), 170 Mont. 150, 551 P.2d 1025, a new trial was ordered in a property division proceeding because the District Court's division had been based on the husband's unreliable valuation of his net worth at the time of marriage and at the time of the divorce. In *Martinez v. Martinez* (1978), 175 Mont. 280, 573 P.2d 667, we held that section 48-321 requires the trial judge to consider the current property values when distributing property acquired prior to marriage. *Berthiaume v. Berthiaume* (1977), 173 Mont. 421, 567 P.2d 1388, provides the clearest insight into the issue now before us. The trial court in *Berthiaume* found the properties of the parties should be divided as equally as possible. The court then awarded the family home to the husband without making an offsetting provision for the wife. Under the evidence, the total market value of the property awarded the wife amounted to less than $1,000 while that awarded the husband was over $17,000. We conclude that because the award was directly contrary to the court's finding of fact, a clear abuse of discretion had taken place.

In the instant case, the trial court found appellant had made a substantial contribution in the home, indeed she was an excellent homemaker. Financially, she had contributed all of her income earned during the course of the marriage. We find no abuse of discretion in awarding appellant one-half the net value of the property acquired during the marriage. However, as was the case in *Berthiaume*, the trial court clearly abused its discretion in carrying out the award.

■ The parties were married six and one-half years. Using the trial court's total award of $5,900, appellant's contribution would be worth approximately $907 a year. This is an inequitable distribution of the property. Considering the fact that respondent is leaving this marriage with all of the property acquired during the marriage, all of his corporate interests and all of the appreciation of these assets, we find the award to appellant is unjust and must be vacated. A court, distributing property in accordance with section 48-321 should consider the current property values of all property acquired during the course of the marriage. *Vivian v. Vivian* (1978), 178 Mont. 341, 583 P.2d 1072.

The District Court's award to appellant of $5,900 is vacated and the case is remanded for a hearing on the current value of the lot, garage and mobile home, of which appellant is entitled to receive one-half the net value thereof.

MR. CHIEF JUSTICE HASWELL and JUSTICES HARRISON, SHEA and SHEEHY concur.