No. 14977

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

IN RE THE MARRIAGE OF

VICKIE A. FREDERICKSEN,

Petitioner and Appellant,

vs.

BRAD R. FREDERICKSEN,

Respondent and Respondent.

Appeal from: District Court of the Thirteenth Judicial District,
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellant:

Jerrold L. Nye, Billings, Montana

For Respondent:

Doris Poppler, Billings, Montana

Submitted on briefs: November 13, 1979

Decided: FEB 7 - 1980

Filed: FEB 7 - 1980

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Appellant wife appeals from an order apportioning the marital estate and denial of her motion for a new trial.

The parties to this action had been married for about three and one-half years at the time the wife filed for dissolution of the marriage. The wife was 22 and the husband was 23 at that time. The couple had no children.

The major marital assets were the family home in Billings, some household furnishings and a 1966 Chevrolet race car. The home had a market value of $39,500 and an outstanding mortgage of approximately $30,000. The husband purportedly sold the race car and a trailer for $1,175 prior to the dissolution. The couple had other debts of approximately $2,100.

The only issues presented at trial concerned the value of the marital estate and its proper division. In the final order the trial court subtracted from the value of the house ($39,500) the cost of selling the house and the other debts of the marriage to arrive at a net worth of $4,838.20. The husband was awarded the home and he was required to assume the remaining debts of the marriage. He was to pay $2,419.10 to the wife as her share of the net worth of the marital property.

Thereafter, the wife filed a motion for a new trial on the ground that certain of the District Court's findings did not conform to the evidence and on the basis of newly discovered evidence, viz. the race car had not been sold prior to dissolution as testified to by the husband. From a denial of this motion and from the final decree, the wife appeals.

The following issues are presented by the wife:

(1) Did the trial court properly divide the marital estate pursuant to section 40-4-202, MCA?

(2) Did the trial court abuse its discretion in denying the wife's motion for a new trial?

- 2 -

Distribution of marital property is governed by section 40-4-202, MCA. This Court will not disturb the decision of the trial court absent a clear abuse of discretion. Eschenburg v. Eschenburg (1976), 171 Mont. 247, 250, 557 P.2d 1014. The test for abuse of discretion is whether the trial court acted arbitrarily without the employment of conscious judgment or exceeded the bounds of reason. Berthiaume v. Berthiaume (1977), ____Mont.____, ____, 567 P.2d 1388, 34 St.Rep. 921, 924.

In the present case the wife states that it was error for the trial court to omit the value of/the race car in determining the value of the marital estate. In its findings of fact, the District Court found that the car had been sold and that the proceeds were used to pay the bills of the parties. Under such circumstances, the District Court did not abuse its discretion in refusing to include the value of the car in the gross marital estate.

The wife indicates several other instances where she does not agree with the court's valuation of the marital estate. As a reviewing court we are not justified in substituting our judgment for that of the trial court. After reviewing the record we cannot say that the trial court acted arbitrarily or exceeded the bounds of reason. There is no indication that the final order was contrary to the guidelines set forth in section 40-4-202, MCA. Consequently, we affirm the trial court's division of the marital estate.

Section 25-11-102(4), MCA, states that a new trial may be granted where there is newly discovered evidence. The language of the statute indicates that an application for a new trial based upon newly discovered evidence is addressed to the sound discretion of the trial court. Gould v. Lynn (1930), 88 Mont. 501, 505, 293 P. 968.

In the present case, the wife contends that the husband had not sold the racing car and that its value should have been

- 3 -

added to the gross estate. She contends that evidence that the car was not sold is newly discovered evidence and she was entitled to a new trial on that basis. At a hearing on this motion counsel for the wife produced four photographs of the car, taken after the District Court's final decree, showing the car parked in front of the husband's house, newly painted and restored, and bearing the words "Brad Fredericksen, owner." The husband produced evidence in the form of a letter and a transfer of title which indicate that the car had been sold to one Les Kraft in August 1978.

The trial court must decide whether there was sufficient new evidence to grant a new trial. The evidence is conflicting, but the District Court's denial of the motion for a new trial is supported by the letter from Les Kraft and the indication of transfer of title. We cannot say that there was an abuse of discretion in refusing to grant a new trial on this basis.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

- 4 -