No. 85-122

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

IN RE THE MARRIAGE OF
SUSAN ANN WHITE,

        Petitioner and Respondent,

   and

WILBURN FRANKLIN WHITE,

        Respondent and Appellant.

_____

APPEAL FROM:  District Court of the Nineteenth Judicial District,
             In and for the County of Lincoln,
             The Honorable Robert Holter, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Scott B. Spencer, Libby, Montana

    For Respondent:

        Keller & German; Ann C. German, Libby, Montana

_____

Submitted on briefs: Aug. 29, 1985

Decided: October 31, 1985

Filed: OCT 31

_____
                Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Wilburn Franklin White appeals from the property division entered by the District Court of the Nineteenth Judicial District, Lincoln County. We affirm.

There are two issues on appeal. First, did the trial court err in dividing the marital property? Second, should Susan have been charged with a share of the attorney's fee incurred in defending Wilburn against charges that he sexually abused the foster child living in their home?

Susan and Wilburn White were married on November 3, 1973. Throughout the marriage, Susan worked as a teacher and Wilburn worked sporadically as a carpenter and millwright. In February 1984, Wilburn was charged with sexually molesting their foster child. The charges were filed after Susan reported the suspected abuse to the Lincoln County Welfare department. Wilburn was found not guilty after a jury trial. However, in the course of his defense, Wilburn claimed he incurred an attorney's fee of $10,000.

Susan petitioned for dissolution in February 1984. In February 1985, the District Court entered the judgment of dissolution and property division. The court found that at the time of the marriage, Susan owned a home and Wilburn owned two parcels of real estate. After the marriage, Susan and Wilburn sold the home and one parcel of real estate. They applied the equity from both sales to building a new home on the remaining parcel of land. The trial court found all the efforts of both parties were directed toward building their new home, and that their contributions varied but were nearly equal. In dividing the property, the District Court

- 2 -

allowed each party to retain the personal property each owned prior to the marriage. The District Court ordered the family home to be sold, and divided the marital estate equally between the parties.

Wilburn contends that he came into the marriage with more assets and thus he should be awarded more than half the marital estate. Specifically, he contends the District Court undervalued by $41,000 the land and improvements Wilburn owned prior to the marriage on which the parties built their home. The District Court found that Wilburn had a total investment of $12,000 in the land and equity of approximately $5,000. The District Court found Wilburn had made various improvements on the land, many of which had to be redone. There were also various building materials on the land which the parties used in constructing their home.

It is well established that the District Court has wide discretion in equitably dividing property and its judgment will not be altered on appeal unless a clear abuse of discretion is shown. Krum v. Krum (1980), 188 Mont. 498, 614 P.2d 525; Kruse v. Kruse (1978), 179 Mont. 79, 586 P.2d 294; Eschenberg v. Eschenberg (1976), 171 Mont. 247, 557 P.2d 1014; Cook v. Cook (1972), 159 Mont. 98, 495 P.2d 591. The test for reviewing the District Court's discretion is: Did the District Court, in the exercise of its discretion act arbitrarily without employment of conscientious judgment, or did it exceed the bounds of reason in view of all the circumstances? Krum, 188 Mont. at 503, 614 P.2d at 527. Fredericksen v. Fredericksen (1980), 185 Mont. 548, 605 P.2d 1135; Aanenson v. Aanenson (1979), 183 Mont. 229, 598 P.2d 1120; In re Marriage of Berthiaume (1977), 173 Mont. 421, 567 P.2d 1388.

In this case, the District Court equitably divided the property in accordance with § 40-4-202, MCA. That section states ". . . the court, without regard to marital misconduct, shall, . . . equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both." Section 40-4-202, MCA.

This Court has recognized that when property acquired by one party prior to marriage is subject to division in a dissolution proceeding, the District Court must consider the origin of the property. Herron v. Herron (1980), 186 Mont. 396, 608 P.2d 97. But the property acquired prior to marriage is still subject to division. In re the Marriage of Keepers (1984), 691 P.2d 810, 41 St.Rep. 2163. Equitable apportionment does not require the parties be returned to their premarital status. Id.

In this case, the District Court equitably divided the marital property and based its decision on detailed findings of fact, which must be sustained unless clearly erroneous. Rule 52(a), M.R.Civ.P. We find the District Court did not abuse its discretion.

The second issue on appeal is whether Susan should have been charged with a share of the attorney's fee incurred by Wilburn in defending himself against charges that he molested his foster daughter. The District Court found that only Wilburn contracted with the attorney and the attorney's fee was his sole responsibility. On appeal, Wilburn argues he incurred the attorney's fee as a result of Susan's action in reporting the suspected child abuse. Wilburn contends the attorney's fee was a debt incurred during the marriage for

which Susan should be liable. He argues the attorney's fee is a "necessary" within the meaning of § 40-2-106, MCA, which states:

> Neither husband nor wife, as such, is answerable for the acts of the other or liable for the debts contracted by the other; provided, however, that the expenses for necessaries of the family and of the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately.

Black's Law Dictionary defines necessaries as, "[t]hings indispensable, or things proper and useful, for the sustenance of human life." Black's Law Dictionary 1181 (Rev. 4th ed. 1968). The concept includes food, drink, clothing, and a suitable place to live. Edgerton v. Edgerton (1892), 12 Mont. 122, 29 P. 966; Sumner v. Mohn (1920), 47 Cal. App. 142, 190 P. 368. Attorney's fees incurred by one spouse to defend himself against child abuse charges are not necessaries within the meaning of § 40-2-106, MCA. We find appellant's argument that he incurred the fees due to his wife's actions in reporting the suspected abuse unavailing.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

John Conway Harrison
Justices

No. 85-122

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN RE THE MARRIAGE OF
WILBURN FRANKLIN WHITE,

Respondent and Appellant,

and

SUSAN ANN WHITE,

Petitioner and Respondent.

FILED

NOV 1 - 1985

*Ethel M. Harrison*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Nineteenth Judicial
District, In and for the County of Lincoln,
The Honorable Robert Holter, Judge presiding.

Decided: October 31. 1985

Filed:

_____
Clerk

Mr. Justice John Conway Harrison concurring in part and dissenting in part.

After further consideration in this cause, I hereby withdraw my signature from the majority opinion and submit the following:

I concur in the result, but dissent on the second issue of not allowing the sharing of attorney's fees in appellant's defense of criminal charges. I recognize that the statute does not provide for such fees, but in my wildest imagination I cannot think of a legislator ever considering a fact situation as presented in this case. Appellant was charged and tried by a jury and acquitted of a most grievous offense. His whole reputation and his future was on the line and to not allow attorney's fees here is, in my opinion, a denial of fairness.

John Conway Harrison
Justice