No. 95-131

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

GERALDINE JOY LEWIS,

> Petitioner, Respondent and
> Cross-Appellant,

and

WILLIAM ISAAC LEWIS,

> Respondent and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

> For Appellant:
>
> > Joan E. Cook; Law Office of Joan E. Cook,
> > Great Falls, Montana
>
> For Respondent:
>
> > Daniel L. Falcon; Matteucci, Falcon, Squires &
> > Lester, Great Falls, Montana

FILED

Filed:    NOV 21 1995

CLERK OF THE COURT
MONTANA

Submitted on Briefs:   October 19, 1995

Decided:  November 21, 1995

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

William Isaac Lewis (William) appeals from the December 30, 1994, Findings of Fact, Conclusions of Law and Decree of the Eighth Judicial District Court, Cascade County, dissolving his marriage to Geraldine Joy Lewis (Geraldine) and dividing the marital estate. Geraldine cross-appeals from the court's denial in that decree of her request for attorney's fees and from the court's subsequent order amending the decree. We modify the amended 1994 decree and, thereafter, affirm.

We address the following issues on appeal:

1. Did the District Court err in adopting, nearly verbatim, Geraldine's Proposed Findings of Fact, Conclusions of Law and Decree?

2. Did the District Court abuse its discretion in distributing the marital estate?

3. Did the District Court abuse its discretion in denying Geraldine attorney's fees?

4. Did the District Court abuse its discretion by deleting a finding of fact regarding Geraldine's medical and counseling bills and modifying the decree accordingly?

2

William and Geraldine married on May 22, 1985. No children were born of the marriage. During the marriage, the parties operated a business in which they boarded horses (stables business). The property on which the stables business was operated, and where William and Geraldine lived, was owned by William prior to the parties' marriage and substantially improved during the marriage.

Geraldine petitioned for dissolution of the marriage in June of 1994 and, on December 30, 1994, the District Court entered its Findings of Fact, Conclusion of Law and Decree. Thereafter, William timely filed a Rule 59 motion requesting that the District Court amend the 1994 Findings of Fact, Conclusions of Law and Decree. The District Court amended the decree by adjusting the distribution of the marital estate to correct the duplication of certain marital assets, deleting a finding regarding Geraldine's medical and counseling bills and modifying the decree accordingly.

William appeals from the court's distribution of the marital estate. Geraldine cross-appeals the court's denial of her request for attorney's fees and costs and from the court's order amending the findings and decree regarding her medical and counseling bills.

1. Did the District Court err in adopting, nearly verbatim, Geraldine's Proposed Findings of Fact, Conclusions of Law and Decree?

William argues on appeal that the District Court's adoption of Geraldine's Proposed Findings of Fact, Conclusions of Law and Decree resulted in a Decree which is not supported by the evidence; he contends, therefore, that the 1994 decree must be vacated. We

3

review the adequacy of findings of fact and conclusions of law to determine whether they are sufficiently comprehensive and pertinent to the issues to provide a basis for a decision, and whether they are supported by substantial evidence. In re Marriage of Nikolaisen (1993), 257 Mont. 1, 5, 847 P.2d 287, 289 (citing In re Marriage of Hurley (1986), 222 Mont. 287, 296, 721 P.2d 1279, 1285).

The District Court's findings regarding the marital assets, the credibility of each party's testimony and Geraldine's contributions to the marital estate were extensive. In distributing the marital estate, the court considered each party's current income and the sources of that income; Geraldine's education level and work history; the income from the stables business; Geraldine's contributions as a homemaker and her contributions to the maintenance of the stables business; and the commingling of the parties' income. The findings are sufficiently comprehensive and pertinent in light of the factors enumerated in § 40-4-202, MCA. In addition, they are supported by substantial evidence and, except as discussed below, William does not argue otherwise.

We will not overturn the court's findings and conclusions simply because they were, in large measure, adopted from those Geraldine proposed. See In re Marriage of Popp (1983), 206 Mont. 415, 423, 671 P.2d 24, 28. Rule 52(a), M.R.Civ.P., provides that a district court may adopt any of a party's proposed findings or conclusions so long as they are supported by the evidence and law

4

of the case. We hold, therefore, that the District Court did not err in adopting, nearly verbatim, Geraldine's proposed findings and conclusions.

2. Did the District Court abuse its discretion in distributing the marital estate?

A district court has broad discretion in finally and equitably apportioning the property and assets of the marital estate between the parties. Section 40-4-202(1), MCA. We review the distribution of a marital estate to determine if the court's findings of fact are clearly erroneous. In re Marriage of Smith (Mont. 1995), 891 P.2d 522, 525, 52 St.Rep. 174, 175-76. If the findings and decree are supported by substantial credible evidence, we will not alter the trial court's decision unless the court abused its discretion. Marriage of Smith, 891 P.2d at 525.

*Premarital Assets*

William contends that the District Court abused its discretion by awarding Geraldine a portion of his premarital property and fifty percent of the entire value of the stables. He also asserts error in the court's finding that inadequate evidence existed to trace his premarital investment monies.

A court's distribution of premarital assets is governed, in the first instance, by statutory criteria. In distributing such assets, the court is required to consider the contributions of the other spouse to the marriage--including nonmonetary contributions and the extent to which such contributions facilitated the maintenance of the property--and whether or not the property division serves as an alternative to maintenance. Section 40-4-

5

202(1)(a)-(c), MCA.

A district court must consider the origin of prior-acquired property in distributing that property. In re Marriage of White (1985), 218 Mont. 343, 345, 708 P.2d 267, 269 (citation omitted). Notwithstanding its origin, however, such property is subject to equitable apportionment between the parties, and equitable apportionment does not require that the parties be returned to their premarital status. Marriage of White, 708 P.2d at 269.

Geraldine testified that she was responsible for the upkeep of the family home and that she helped feed the animals and helped with other outside work. She further testified that she assisted in the purchase of the stables prior to the parties' marriage. When William was unable to work at the stables because of an injury, Geraldine took sole responsibility for care of the stables. Additionally, Geraldine worked at Sperry's Market, a premarital asset of William's, often without pay. The court determined that Geraldine made substantial contributions to the value of all of the marital assets. We conclude that substantial credible evidence supports the court's findings regarding the premarital property.

William also contends that the District Court erred in finding that no valid means existed by which to separate the commingled funds of the parties. However, the record before us contains substantial credible evidence to support this finding.

The record reflects that William and Geraldine maintained a joint account to which they both contributed. Deposits into this joint account included Geraldine's social security benefits, wages

6

and inheritance money; William's social security benefits, wages and income from investments; and income from the stables business. The parties did not make an effort during the marriage to keep their money separate. We conclude that substantial credible evidence supports the court's finding that the parties commingled their money and that no viable means existed to separate each party's money.

The court's findings are not clearly erroneous and the court properly considered the statutory factors set forth in § 40-4-202(1)(a)-(c), MCA. We hold that William has not established an abuse of discretion in the distribution of his premarital property.

*Valuation of Marital Property*

Next, William contends that the District Court erred in failing to include certain property in Geraldine's share of the estate and in accepting "guessed" values of property in valuing the marital estate. He further contends that the court erred in listing certain assets more than once in distributing the marital estate.

When valuing marital assets, courts may adopt any valuation which is supported by the record. In re Marriage of Maedje (1994), 263 Mont. 262, 267, 868 P.2d 580, 584 (citing In re Marriage of Luisi (1988), 232 Mont. 243, 756 P.2d 456). Here, William and Geraldine offered different values regarding various marital assets.

Geraldine offered expert testimony regarding the value of various assets. Additionally, Geraldine had attended auctions with

7

William when certain assets were purchased. The court found that William's testimony was inconsistent regarding what property constituted the marital estate and the value of such property. The court found that the values offered by Geraldine more accurately reflected the market values of the parties' assets. The District Court's findings regarding the valuation of the parties' marital assets are supported by substantial credible evidence and are not clearly erroneous.

William correctly points out that, in the 1994 decree, the District Court listed the value of certain assets more than once. Geraldine does not dispute that the distribution of the marital estate should be adjusted to correct that mistake. However, since the District Court corrected this mistake in the order amending the decree, this issue is moot.

William also correctly points out that the court failed to distribute the Lincoln Town Car. However, the court did find that Geraldine was using this vehicle as her means of transportation and that William had possession of other vehicles. Additionally, the court recognized that Geraldine requested that the car be awarded to her. Accordingly, we modify the decree to award the Lincoln Town Car to Geraldine.

*Equalizing the Marital Estate*

The District Court awarded Geraldine marital property valued at $2,271 and awarded William property valued at $159,647.52. In addition, Geraldine was awarded premarital and gift property valued at $165, while William was awarded such property valued at $14,883.

8

As a result of the disparate distribution of property each party received, the District Court ordered William to pay Geraldine $86,047.26 to equalize the marital estate. William contends that the District Court abused its discretion by doing so.

The court considered the factors contained in § 40-4-202, MCA, and found that Geraldine made substantial contributions to the maintenance of the marital estate. We conclude that the court did not abuse its discretion in requiring William to pay Geraldine monetary compensation to equalize the share of the estate each party would receive.

> 3. Did the District Court abuse its discretion in denying Geraldine attorney's fees?

Geraldine contends that the District Court abused its discretion in failing to award her attorney's fees and costs. Specifically, she argues that the District Court failed to make findings regarding, or provide its reasons for, the denial of her request for attorney's fees. She urges this Court to remand this issue to the District Court for further consideration.

We review a district court's denial of a party's request for attorney's fees in a dissolution action to determine if the court abused its discretion. Section 40-4-110, MCA; In re Marriage of Gingerich (1994), 269 Mont. 161, 167-68, 887 P.2d 714, 718. We will not disturb the district court's findings in this regard if they are supported by substantial evidence. Marriage of Gingerich, 887 P.2d at 718.

The District Court acknowledged Geraldine's request for attorney's fees and costs in its findings. The court found,

9

however, that Geraldine would be receiving a substantial amount of the marital estate via William's monetary payment to Geraldine to "equalize the marital estate." The court also found that Geraldine had paid a portion of her attorney's fees with a cash advance from a credit card which William subsequently paid upon receiving the credit card bill. In short, it is clear that the court considered the financial resources of each party and concluded that each party should pay his and her own attorney's fees and costs. Substantial credible evidence supports the court's findings in this regard and we hold that the District Court did not abuse its discretion in denying Geraldine's request for attorney's fees and costs.

> 4. Did the District Court abuse its discretion by deleting a finding of fact regarding Geraldine's medical and counseling bills and modifying the decree accordingly?

At trial, Geraldine testified without objection regarding medical bills in the amount of $98.19 incurred during the marriage resulting from an alleged assault by William. Geraldine attempted to offer oral and documentary evidence regarding counseling bills resulting from alleged verbal abuse by William, but the District Court sustained William's objection to the evidence. As a result, there is no evidence in the record regarding the amount of Geraldine's counseling bills.

The District Court found that "[Geraldine] had outstanding counseling bills of approximately $720 . . . and medical bills of $98.19 . . . ." In the decree, the court ordered William to pay Geraldine $818.19 out of his share of the marital estate for her

10

medical and counseling bills.

William filed a Rule 59, M.R.Civ.P., motion to amend the Findings of Fact, Conclusions of Law and Decree. Following consideration of the parties' briefs and oral arguments, the District Court amended the decree, as noted above, by adjusting the distribution of the marital estate to correct for its previous duplication of the values of certain assets. The court also amended with regard to Geraldine's medical and counseling bills by deleting the finding set forth above and the portion of the decree which ordered William to pay Geraldine $818.19 for these bills. Geraldine contends that the court erred by deleting reference to her medical and counseling bills and modifying the decree accordingly.

We review a district court's grant or denial of a Rule 59 motion to determine if the court abused its discretion. See Hickingbotham v. Duncan (Mont. 1995), 898 P.2d 1215, 1217, 52 St.Rep. 574, 576. We will not overturn amended findings unless they are clearly erroneous. Hickingbotham, 898 P.2d at 1217.

Here, substantial evidence supports the original finding insofar as it addressed Geraldine's medical bills in the amount of $98.19. The court did not have this part of the transcript before it when it amended the decree and assumed that, since Geraldine provided other parts of the transcript but not this portion, the evidence in support of the original finding did not exist. We conclude that the court abused its discretion in amending the findings to delete reference to the $98.19 in medical bills and by

11

deleting paragraph four of the decree to the extent it ordered William to pay that amount.

As stated above, however, there is no evidence of record to support any amount of counseling bills. William objected to Geraldine's attempt to testify about those bills and to related exhibits, and the court sustained the objection. The District Court's finding insofar as it addressed Geraldine's counseling bills was not supported by substantial evidence and was clearly erroneous. Therefore, we conclude that the court did not abuse its discretion in deleting reference in its findings to the counseling bills and deleting paragraph four of the decree to the extent it ordered William to pay Geraldine $720 for those bills.

We modify the amended 1994 decree regarding the Lincoln Town Car and the medical bills and affirm the amended decree in all other respects.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

12