FORSAITH MACHINE COMPANY et al. v. HOPE MILLS LUMBER
COMPANY et al.

*Findings by Court—Appointment of Receiver—Sales—Distribution of Proceeds—Parties.*

1. Where findings upon which a Court appointed a receiver were not reduced to writing until three or four days after the order was made, the order will not be disturbed where it does not appear that defendant suffered from such delay.

2. Where it is clear from the evidence and admissions of the parties that it is a case where a receiver should be appointed, and that defendant is insolvent, and all the property must be sold to pay the debts, an order appointing receivers, and directing them to sell all the property of the defendant, is proper.

3. In disposing of the motion for a receiver, the Court properly declined to pass on questions of fraud raised by the pleadings.

4. Where defendants did not consent that the Court should direct the receivers to pay certain judgments, admitted to be just and valid, it was error to order their payment.

5. Where defendant did not demur on the ground that a proper party defendant was not joined, an objection by defendant on that ground will not be sustained.

6. Where the affidavits and exhibits offered by plaintiffs raised questions which should be submitted to a jury, the Court properly refused to pass on such questions.

APPEAL from Superior Court, CUMBERLAND County, *Boykin, J.,* presiding.

The plaintiffs are creditors of the defendant corporation, having debts for very considerable sums of money. In the complaint they allege their debts; that they have a mortgage of the defendant's property, both real and personal, of large value, to secure the same; that the defendant company and its officers fraudulently prevented the registration of their mortgage until after it had confessed fraudulent judgments for divers large sums of money in favor of certain of

its officers and stockholders, and had executed and registered a mortgage of all its property in their favor, and likewise a deed of trust conveying their property, to secure fraudulent debts, etc. They further allege that the defendant is insolvent, and that certain judgments in favor of parties named are valid and just, and executions upon them have been levied upon the defendant company's personal property. The purpose of this action is to foreclose the plaintiffs' mortgage, to have the judgments mentioned confessed, and the second mortgage and deed of trust executed by the defendant company declared fraudulent and void, etc.

The defendants admit some of the material allegations of the complaint, confess and avoid others, and deny the alleged fraud, and aver that the judgments and mortgage and deed of trust complained of are honest, etc. In the course of the action the plaintiffs moved for a receiver to take charge and control of the defendant company's property, real and personal, and to collect debts due it, etc.

The Court heard the motion upon the complaint, answers, and affidavits used in support of and in opposition to it, and upon finding the facts allowed the motion and appointed receivers, charged to take all the property, both real and personal, of the defendant company into their possession and control, to sell the same, to collect all debts due it, to pay out of the fund collected certain judgments admitted to be just and valid, etc.

The defendants appealed, assigning error as follows:

"1. That his Honor failed to find the facts upon which his judgment was based.

"2. That by reason of his failure to find the facts the appellants could not specify their exceptions to the said judgment.

"3. That the judgment directs the sale of real estate not levied on, and that the proceeds of same be applied to the

payment of judgments in favor of Wallace McPherson and the Enterprise Lumber Company, which are prior to the judgments in favor of the Hope Mills Manufacturing Company, R. M. Nimocks, S. H. Cotton, and H. C. Gadsby and R. M. Nimocks.

"4. That there is a defect of parties defendant, in that J. T. Gardner, trustee in deed of May 9, 1891, has not been made party to the action.

"5. That the plaintiffs' affidavits and exhibits offered raised issues of fact which should have been submitted to a jury."

*Mr. T. H. Sutton*, for plaintiffs.
*Mr. J. W. Hinsdale*, for defendants.

MERRIMON, C. J.—after stating the case: The first exception is groundless. It appears from the record that the Court did find the facts very fully from the evidence in favor of and against the motion for a receiver, and upon such findings based the order appealed from. It seems that the appellants objected that such findings were not reduced to writing at once before or after the entry of the order appointing the receivers. It was not essential that this should have been done. It was sufficient that it was done within a reasonable time, though it would be better that it should be done as promptly as practicable. The case settled on appeal states that the facts were stated by the Court "within three or four days after the entry of the order, and sent to counsel." It does not appear that the appellants suffered any prejudice by such brief delay. Moreover, this is a case in equity, and it becomes the duty of this Court to review the evidence and findings of fact of the Court below with a view to see and determine that the order complained of was or was not a proper one. So that here the appellants have ample opportunity to make their objections to the order

appealed from. This Court has complete authority, in cases equitable in their nature, like this, to examine the whole matter of the motion in question, and to direct a reversal or modification of the order of the Court below, if there be error.

We fully concur in the findings of fact by the Court below. The evidence and admissions of the parties fully warrant them. It is clear that the facts present a case in which a receiver should be appointed to take charge of the property of the defendant corporation, and collect the debts due it, pending the litigation. The order appointing the receivers directs them to take immediate "possession of the property, real and personal, of said Hope Mills Lumber Company, and sell the same at public or private sale to the best advantage," and also to collect all the debts due it, and out of the proceeds of such sales or collections to pay certain specified judgments admitted to be just and valid, and hold the surplus subject to the further order of the Court.

Ordinarily, it is not proper to finally settle questions raised by the pleadings or the rights of the parties, in cases like this, in disposing of a motion for an injunction or a receiver pending the action. This should be done when the case is finally heard upon the whole merits of the matter in litigation, when the case, in every material aspect of it, is thoroughly scrutinized, and the rights of the parties settled and determined. Motions in the course of the action for an injunction, a receiver, and the like, are intended to serve some important incidental purpose pending the action, and the Court looks into the case to see if there is reasonable ground for granting them. It generally and properly leaves the final decision of important questions as to the rights of the parties until the final hearing. Hence, it was not necessary or proper at the present stage of the action to decide the questions raised as to the validity of the judgments confessed by the defendant corporation, and the mortgage and deed of trust executed by it in favor of certain of its officers

and stockholders, and other important questions. These must be left to be determined at the final hearing.

Ordinarily, the receiver appointed pending the action, particularly as to real estate, should simply be directed by the Court to take care of and let the property in proper cases, collect the rents, etc., and to collect debts, and hold funds coming into his hands, subject to the order of the Court, from time to time, and when the action is determined. But there are cases in which it is expedieat and very proper to direct a sale of the property, both real and personal.˙ 'I he Court should always be careful to see, however, that a proper case is presented for the exercise of such power, and to see particularly that the owner of the property cannot be unduly prejudiced by a sale thereof. It should have in view the rights and advantage of all the parties, as nearly as may be In this case it is very certain that the defendant corporation is insolvent, and all its property must be sold to satisfy the numerous debts of creditors, parties to the action. There appears no reason, therefore, why the property—all of it— shall not be sold at once, the fund arising from such sale to be held under the order of the Court, to be distributed to the parties entitled to have it upon the final hearing and disposition of the case. No party on this account can suffer prejudice, and it is important that the property should be owned and used by some person for the practical purposes to which it is devoted. The Court therefore properly directed a sale of the property, both real and personal; but the sale of the real property should be made with due care, and with the express sanction of the Court. Sales of it should be reported to the Court, and confirmed, and title made in pursuance of its order. This is important to the creditors, and as well to purchasers, for obvious reasons.

The defendants did not consent that the Court should direct the receivers to pay the judgments specified in the order. Indeed, it seems that they objected upon the ground

that some of them have judgments that should be first paid; and it may possibly so turn out—it may not. We are therefore of opinion that the Court should not have directed the receivers to pay the judgments referred to. It might do so by consent, but consent is not given. The property should, under the circumstances, be sold as above indicated, and the fund arising from all sources held under the direction of the Court until the Court shall upon the final hearing direct its application to be made.

The defendants did not demur upon the ground that a proper party defendant was not before the Court. If need be, that party may yet be brought into the action for any proper purpose.

The fifth exception is unfounded. The Court expressly declined to pass upon the questions of fraud raised. These, and other questions affecting the whole merits, will be disposed of upon the final hearing.

The order appealed from must be modified as indicated in this opinion, and, thus modified, affirmed. To that end, let this opinion be certified to the Superior Court. It is so ordered.

Affirmed.