MURPHY ET AL., RESPONDENTS v. PATTERSON, APPELLANT.

[No. 1298.]

[Submitted October 30, 1900.   Decided January 7, 1901.]

*Partnership—Receiver's  Sale—Confirmation—Appeal — Review—Supersedeas.*

1. Where a decree determining partnership accounts is rendered after the dissolution of the firm, and the receiver therefor is thereafter ordered to sell the partnership property, an appeal from an order confirming such sale does not raise any question concerning the order of sale, since such order is a special order, made after final judgment, from which an appeal is authorized by the Code of Civil Procedure.
2. An appeal from a final decree in an accounting between partners after an order dissolving the firm does not devest the court of the power to order the receiver to sell the partnership property, and to confirm such sale, since the appeal bond, though operating as a *supersedeas*, only stays the action of the court as to the matters included in the judgment, which does not embrace the disposition of the partnership property.
3. It is not the province of a court of equity through its receiver to conduct the business of a co-partnership.
4. Under Code of Civil Procedure, Sec. 778, requiring the court to disregard any defect in the proceedings which does not affect the substantial rights of the parties, an order confirming a receiver's sale of partnership property will not be set aside on an appeal therefrom, where it is not shown that the property was not sold at its full value, or that the appellant was prejudiced thereby.

*Appeal from District Court, Chouteau County; Dudley Du Bose, Judge.*

SUIT by John T. Murphy and others against George D. Patterson for the dissolution of a partnership and for an accounting.   From an order confirming a receiver's sale of partnership property, defendant appeals.   Affirmed.

*Messrs. Walsh & Newman,* and *Mr. E. W. Toole,* for Appellant.

*Mr. Massena Bullard,* and *Mr. H. G. McIntire,* for Respondents.

**MR. JUSTICE WORD** delivered the opinion of the Court.

Appeal from an order confirming sale of partnership property. Sale was by receiver under an order of sale made after final judgment. The order of sale and the order appealed from were made in the case of *Murphy* v. *Patterson*, (this day decided), *ante* p.—, 63 Pac. 375.

No appeal was taken from the order of sale, which was an appealable order, since it was a special order made after final judgment. (Code of Civil Procedure, Section 1722, subsec. 2.) In the absence of such appeal, questions properly presentable on an appeal from the order of sale cannot now be considered. (Code of Civil Procedure, Section 1720.) This holding disposes of the material questions raised on this appeal.

An examination of the principal case shows that the court, with the consent of parties, had made an order dissolving the partnership. An accounting was necessary to determine the interests of the parties in the partnership property. This property was in the hands of a receiver,—was in the custody of the court. After the court had made its findings, and rendered judgment, an appeal was taken from such judgment to this court. Conceding that the bond on appeal in this case operated as a *supersedeas*, the only effect of the appeal was to stay action of the court below as to those matters included in the judgment. In all other matters wherein the rights of the parties under the judgment would not be affected the court below was left free to act. (*State ex rel. B. & M. C. C. & S. Mining Co.* v. *Second Judicial District Court*, 22 Mont. 241, 56 Pac. 281.)

When the appeal from the judgment in the principal case was taken to this court, the partnership property was still in the hands of the court through its receiver. The object and purpose of appointing a receiver of the partnership property is to preserve the firm property until the cause can be determined. The court, through its officer, the receiver, has charge of the firm assets, not in behalf of either party, but for the common benefit of all. (*Wolbert* v. *Harris*, 7 N. J. Eq. 605.)

Nor is it the province of a court of equity through its receiver to conduct the business of a co-partnership. "Its legitimate province is to adjust the rights and settle the disagreements of parties growing out of such transactions." (*Allen* v. *Hawley*, 6 Fla. 164; *Wolbert* v. *Harris, supra*; *Jackson* v. *DeForest*, 14 How. Prac. 81.)

The court below, having appointed a receiver to take possession of the property, was vested with the power of selling the property in the hands of the receiver when such a course became necessary to preserve the interests of all the parties. (*Allen* v. *Hawley, supra; Jackson* v. *DeForest, supra; Forsaith Mach. Co.* v. *Hope Mills Lumber Co.* 109 N. C. 580, 13 S. E. 869.)

In the matter before us we have seen that the partnership had been dissolved; that an accounting had been ordered, and under it the rights of the parties in the assets of the firm determined. No matter what the respective interests of the several partners in the partnership property should finally be adjudged to be, a sale of all the assets of the firm had to be made at some time, so that the money realized therefrom might be divided in accordance with the determined interests of the parties. From aught that appears in the record before us, the court below, acting within the powers vested in it as a court of equity, and with due regard for the best interest of all the parties, ordered the receiver to sell the partnership property, and to hold the proceeds of such sale until the rights of the partners therein should finally be adjudicated. Nowhere in the record is it intimated that the amount realized from the sale of the partnership property was not the full value thereof. Nor was it urged as an objection to the confirmation of the sale; nor does the record show that in directing the sale of the firm property and the retention of the proceeds until the interests of the parties therein should be ascertained the rights of the appellant were prejudiced in the slightest degree. Appellant does not presume to say that, if another sale of the partnership property were ordered, he would reap any benefit whatever. But, since he has not ap-

pealed from the order of sale, appellant must rely for a reversal on what he claims was a failure of the receiver in making the sale to conform in all respects to the order of the court directing the sale of the firm property. No error in this regard that we can now consider in any way affects the substantial rights of the appellant. This alone would warrant this court in affirming the order appealed from. (Code of Civil Procedure, Section 778; *Cunningham* v. *Bostwick*, 7 Colo. App. 169, 175, 43 Pac. 151.)

Holding that the order of sale cannot now be complained of, and that there was no error affecting the substantial rights of the parties in the proceedings had under such order, the order appealed from is accordingly affirmed.

*Affirmed.*

MR. JUSTICE PIGOTT, having been of counsel, did not hear the argument, and takes no part in this decision.