No. 85-460

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

JAMES H. SADLER, et ux,

        Plaintiffs and Appellants,

   -vs-

DALE P. HART, et ux, et al.,

        Defendants and Respondents.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Samuel Coon, Missoula, Montana

    For Respondent:

        Terry A. Wallace, Missoula, Montana

---

Submitted on Briefs: Dec. 18, 1985

Decided: March 13, 1986

Filed: MAR 13 1986

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

James Sadler appeals the order and writ of assistance issued by the District Court of the Fourth Judicial District granting immediate possession of the appellant Sadler's home to the respondents Dale and Gail Hart.

We affirm the order and writ of the District Court. Two issues are presented for our consideration:

1. Was the order and writ of assistance proper?

2. Did the order and writ of assistance comport with due process?

To end numerous lawsuits between the appellants and respondents, both parties filed with the District Court a settlement agreement which the court adopted as a consent decree on December 31, 1984. The consent decree enjoined both parties from filing any cause of action against each other which arose before the date of the decree.

The decree settled all obligations between the parties, save one. The matter remaining involved the sheriff's deed held by Hart's to Sadler's home. The consent decree allowed Sadlers to extinguish the Hart's interest in the home by payment of twenty eight thousand dollars, payable in three installments, time being of the essence. The District Court, by terms of the consent decree, would act as escrow agent for the parties. As escrow agent, the court held documents to be released in the event of payment or nonpayment.

On July 3, 1985 the respondents pursuant to the consent decree requested the court to take appropriate action because the second installment due had not been paid. Their request

was accompanied by a certification of the clerk of court that the payment had not been made.

In accordance with the provisions of the consent decree the District Court released to the Harts quit claim deeds to the property, a confirmation of the previous execution sale, and a writ of assistance, which had been previously consented to by the appellants at the time the consent decree was adopted. The consent decree expressly stated that the court, as escrow agent, could "act without notice to the other parties." On July 18, 1985 the sheriff of Missoula County served the Sadlers with the order and obtained possession of the home for the Harts.

The appellants did not appeal the consent decree, which is a final judgment and therefore an appealable order. In the absence of such an appeal, challenges to the decree itself cannot be considered. Murphy v. Patterson (1901), 24 Mont. 591, 63 P. 380, 381. Therefore, this Court considers first whether the order and writ issued by the District Court corresponded to the terms of the consent decree. The order and writ of assistance followed the terms of the decree exactly and cannot be challenged on that basis.

Secondly, appellants argue they were denied due process by not receiving prior notice of the order and writ of assistance and by being deprived of an opportunity for a hearing. This argument fails because the express terms of the consent decree, signed by the appellants, indicates they knowingly and voluntarily waived notice of the court's actions pursuant to the default provisions of the decree. Pacific R.V. v. Ketchum (1879), 101 U.S. 289, 295.

Appellants contend that this Court should consider their argument that the terms of the consent decree were later

modified by the parties. We cannot consider issues or evidence not raised in the District Court. Kearns v. McIntyre Const. Co. (1974), 173 Mont. 239, 567 P.2d 433.

The District Court is affirmed.

_Cuilliam E Hunt_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison._

_____

_____

_L. C. _____

_John C. Sheehy_
Justices