No. 85-409

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

IN RE THE MARRIAGE OF
CHARLES M. CRUIKSHANK, III,

        Petitioner and Appellant,

   -vs-

SARAH K. CRUIKSHANK,

        Respondent and Respondent.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Baiz & Olson; Kenneth R. Olson, Great Falls, Montana

    For Respondent:

        Leaphart Law Firm; C. W. Leaphart, Helena, Montana

Submitted on Briefs: Jan. 23, 1986

Decided: June 19, 1986

Filed: JUN 19 1986

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Charles Cruikshank appeals the order of the District Court of the Eighth Judicial District granting his former wife legal custody of the parties' children and distributing the assets of the marital estate. We affirm the order of the District Court.

The appellant raises two issues on appeal:

1. Whether the District Court erred in granting Sarah Cruikshank legal custody of the parties' minor children?

2. Whether the District Court erred in distributing the parties' assets?

Charles and Sarah Cruikshank married in 1967. Together they bought a home in New Orleans, Louisiana. The downpayment was made by Sarah's family. Both parties were college educated and employed in sales. One child was born to the parties while they were in Louisiana. In 1972, they moved to Spokane, Washington, where Charles was employed by Sarah's father and attended law school. Sarah stopped working outside the home. The proceeds of the sale of their New Orleans home were invested in a new home in Spokane. Another child was born in Spokane. Soon after Charles graduated from law school, Charles' position with Sarah's father was terminated. In 1976, the parties moved to Great Falls, Montana, where they bought another home and Charles began the practice of law. In 1976, Sarah's father died leaving her property worth approximately $1 million. Charles, with other attorneys, represented his wife's interest in defending her share of the distribution of her

father's estate against a challenge by another family member. The parties dissolved their marriage in May, 1984.

The first issue presented concerns the custody of the minor children. The only argument presented by Charles to support his request for joint custody is based in Montana's policy favoring joint custody. Sarah responds that Montana policy favors, but does not mandate, joint custody. We find that the District Court carefully considered the best interests of the children and the recommendations of the children's guardian ad litem before awarding sole custody to Sarah with reasonable visitation for Charles. Charles has attempted to supplement the record created at trial concerning custody, by filing an affidavit concerning the current residence of one of the children. We will not consider any material outside the record developed at trial. Sadler v. Hart (Mont. 1986), 715 P.2d 50, 43 St.Rep. 434.

Secondly, Charles appeals the distribution of the marital assets made by the District Court. He complains that the District Court erred in not clearly identifying some of the property, in placing values on some of the assets and in not weighing more heavily his contribution to the creation and maintenance of the marital assets.

We recently explained:

> It is well established that the District Court has wide discretion in equitably dividing property and its judgment will not be altered on appeal unless a clear abuse of discretion is shown.

In re Marriage of White (Mont. 1985), 708 P.2d 267, 268, 42 St.Rep. 1634, 1635.

> This Court recognizes that the trial court must evidence the basis of its ultimate conclusion and findings of fact. However, the statutory guidelines promulgated in § 40-4-202, MCA, were not designed as requisite criteria to be individually itemized in every property distribution decree.

- 3 -

In re Marriage of Ziegler (Mont. 1985), 696 P.2d 983, 987, 42 St.Rep. 298, 302.

The evidence in the record is sufficient to support the findings upon which the District Court based the division of property. Those findings also indicate the court considered the relevant statutory factors. The evidence clearly supports the finding that both parties contributed to the equity in their residence in Great Falls, but that the other real property in the marital estate was derived from Sarah's devise under her father's will. There is no evidence in the record mandating a finding by the court that Charles' representation of his wife's interest in the controversy over distribution of her father's estate significantly increased her share. The District Court's determination that Sarah's devise should be considered a gift to Sarah is supported by sufficient credible evidence in the record. This property should remain in her hands. In re Marriage of Herron (1980), 186 Mont. 396, 608 P.2d 97.

Furthermore, the District Court determined from the evidence that Sarah had paid all the payments on real property owned by the parties; paid all the family's expenses since 1976 except for some groceries paid for by Charles; and even loaned her husband the purchase price of the computer used in his law office. These findings adequately support the order of the District Court in awarding most of the real property and household contents to Sarah. Therefore, we believe the District Court adequately considered the contributions of both parties in acquiring and maintaining their properties.

Finally, the District Court heard evidence from three experts concerning the value of silver flatware and jewelry

owned by the parties. From this evidence the District Court determined the reasonable value of those assets. Because most of the silver and jewelry was left to Sarah by her parents or bought with money from her devise, the District Court properly awarded most of these items to Sarah. Charles received those pieces of jewelry he had bought as gifts for Sarah.

Although under the District Court's distribution of the marital estate, Sarah received a much greater proportion than Charles, the equity of this distribution is supported by the facts. Myers v. Meyers (Mont. 1984), 682 P.2d 718, 41 St.Rep. 990. The order of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 5 -