No. 91-037

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN RE THE MARRIAGE OF
SHERYL ANN REININGHAUS,

            Petitioner and Respondent,

  and

HAROLD E. REININGHAUS,

            Respondent and Appellant.

FILED

SEP 24 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Harold E. Reininghaus, Pro Se, Billings, Montana

      For Respondent:

      W. Corbin Howard, Billings, Montana

Submitted on Briefs:  July 11, 1991

Decided:  September 24, 1991

Filed:

_____
             Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Harold E. Reininghaus appeals the findings and decree of dissolution of marriage from the Thirteenth Judicial District Court, Yellowstone County, granting sole custody to petitioner Sheryl Ann Reininghaus, and granting appellant reasonable visitation rights.

We affirm.

Appellant appears pro se and raises three issues:

1.   Did the District Court err in granting petitioner sole custody of the children?

2.   Did the District Court err in granting appellant reasonable visitation rights?

3.   Did the District Court err in dividing the net worth of the parties?

Petitioner and appellant were married on August 12, 1972, in Glendive. Two sets of twins were born to the couple. Their ages are 4 and 7. Since the birth of her children, petitioner has mainly devoted herself to motherhood. Since the couple's separation, the petitioner has been attending college to become a teacher.

Throughout the marriage, appellant has been the sole source of income for the family. He has held 17 jobs in the past 17 years working as a chef. Appellant was last employed at the Billings Sheraton Hotel as a chef in 1989. He and his girlfriend have

2

opened a restaurant. Until the separation, the appellant essentially remained uninvolved with his children.

Since February 1990, petitioner has not received any child support. She manages to support herself and the children by borrowing money from her mother. By obtaining grants and student loans, she is able to continue her eduction.

The District Court found that appellant was not a credible witness. For example, he explained to his wife that he was dying of cancer in order to cover up an affair with his girlfriend. He has portrayed himself as a Vietnam war hero to his friends, family, and to Sally Holden, the Court Services evaluator. He claimed his brother was in medical school.

The case was tried on March 2, 7, and 28, 1990. Appellant appeared pro se in District Court. On August 2, 1990, post-trial proceedings were held. On October 3, 1990, the District Court issued its decree of dissolution of marriage wherein it granted petitioner sole custody of the children and granted appellant reasonable visitation rights, dependent upon him having a mental health evaluation, and discussing with Dr. Bredehoft (psychologist) and Judy Starr (professional counselor and school psychologist) how to begin creating a positive, nondestructive relationship with his children. The appellant appeals pro se from the decree and findings.

Appellant argues that the evidence fails to support the granting of sole custody of the children to the petitioner and that

3

§§ 40-4-223 and -224, MCA, mandate the award of joint custody. We disagree.

While it is true that the legislature prefers the awarding of joint custody to the parents, it also grants the District Court broad discretion in determining what is in the best interests of the children. Section 40-4-222, MCA. Sections 40-4-223 and -212, MCA, establish the basic guidelines for the District Court to determine what is in the best interests of the children. In order to decide custody arrangements, the court shall consider, but is not limited to, the following factors:

> (a) [T]he wishes of the child's parent or parents as to his custody;
>
> (b) the wishes of the child as to his custodian;
>
> (c) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;
>
> (d) the child's adjustment to his home, school, and community;
>
> (e) the mental and physical health of all individuals involved;
>
> (f) physical abuse or threat of physical abuse by one parent against the other parent or the child; and
>
> (g) chemical dependency, as defined in 53-24-103, or chemical abuse on the part of either parent.

Section 40-4-212, MCA.

The District Court must also consider which parent is more likely to allow the child frequent and continuing contact with the noncustodial parent and may not render its decision on the basis

4

of the custodial parent's sex. Section 40-4-223(b), MCA. Therefore, the District Court is required to presume that joint custody is in the best interest of the child unless the factors set out in § 40-4-212, MCA, warrant an opposite conclusion. If joint custody is not awarded, the District Court shall state the reasons for its decision. In Re Marriage of Jacobson (1987), 228 Mont. 458, 461, 743 P.2d 1025, 1027. It is the best interests of the children, not the parents, that are of paramount consideration of this Court. In Re Marriage of Mager (1990), 241 Mont. 78, 81, 785 P.2d 198, 200.

In its findings, the District Court specifically addressed the issue of joint custody and made several findings.

1. The petitioner is a good mother and her relationship with her children is normal.

2. Respondent is manipulative and not credible, uses poor judgment, and lives in a fantasy world.

3. He places his interests above the children's interest.

4. His work history is unstable.

5. Respondent is sometimes irrational.

6. There is a damaged relationship between the respondent and at least one child.

7. The professionals involved in the case, Dr. Bredehoft, a psychologist; Judy Starr, a professional counselor and school psychologist; Sally Holden, from the Court Services' office recommended that the mother be granted sole custody of the children.

8. The District Court's observations and conclusions concur with Dr. Bredehoft's provisional diagnosis that

5

respondent suffers from a narcissistic personality disorder.

9. Respondent has lied about tobacco and drug use.

The District Court properly considered the factors set out in § 40-4-212, MCA. The evidence supports the District Court findings and we find no abuse of discretion in its conclusions. Absent an abuse of discretion, we will not overturn the District Court's conclusions.

Next, the appellant claims that the court did not find that normal, reasonable visitation would endanger seriously the children's physical, mental, moral, or emotional health, thereby not supporting the District Court's order for supervised visitation. Although § 40-4-217(1), MCA, requires a showing of endangerment, we will not so narrowly interpret the statute so that the court is unable to design visitation that reflects the child's best interests. State ex rel. Sorenson v. Roske (1987), 229 Mont. 151, 156-57, 745 P.2d 365, 369. To determine what constitutes reasonable visitation depends on the best interests of the children. Jacobson, 743 P.2d at 1028. We note in this case that contrary to the recommendation of Dr. Bredehoft, Judy Starr, and Sally Holden, the court did not order supervised visitation. Instead, the court ordered that visitation be reasonable and placed the burden upon the petitioner to determine what is in the best interests of the children. The District Court has wide latitude when determining visitation because it is in the unique position

6

of observing the demeanor of the parties and hearing the testimony. Jacobson, 743 P.2d at 1028.

In addition to what has been stated previously, there is ample evidence to support the District Court's conclusion of reasonable visitation. The children have not bonded well with their father. The father had so crammed previous visitation days with activities, that the children came home hyperactive, exhausted, and overwrought. He has placed the children in the middle of the marital conflict and he has continuously misled his children throughout this episode. The court concluded that these actions were not in the best interests of the children and we agree.

Appellant attached a letter written by a guidance counselor to his reply brief to refute the other experts' recommendations. We will not consider material outside the record that was not introduced at trial. Cruikshank v. Cruikshank (1986), 222 Mont. 152, 154, 720 P.2d 1191, 1193. We hold that the visitation provisions are reasonable and proper.

Finally, appellant claims that the marital property was not divided equally. This Court will not disturb a District Court's division of property unless there has been a clear abuse of discretion. In Re Marriage of Banard (1990), 241 Mont. 147, 151, 785 P.2d 1387, 1390. It appears appellant is asking that a 1981 car, student loans, loans from petitioner's mother, and proceeds from a life insurance not be included in the division of property. We note that the car was an asset granted to appellant. The

student loans and loans from petitioner's mother were properly allocated to the petitioner. Proceeds from the life insurance were not included in the division of property, but instead were ordered to go toward back child support, which appellant has failed to do. We hold there was no abuse of discretion by the District Court.

Affirmed.

_William E. Hunter_
Justice

We concur:

_Chief Justice_

_Justices_

September 24, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Harold E. Reininghaus
1442 Prickley Pear Dr.
Billings, MT 59105


W. Corbin Howard
Attorney at Law
P.O. Box 7177
Billings, MT 59103-7177

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy