JUSTICE LEAPHART
delivered the Opinion of the Court.
Mary Ann Barbie-Rice appeals from the April 18, 1995, Order Implementing Equal Custody of the First Judicial District Court, Lewis and Clark County. We affirm.
We restate the issues raised on appeal as follows:
1. Did the District Court err in implementing an equal custody arrangement of the parties’ child?
*364 2. Did the District Court abuse its discretion in allowing an expert witness to testify and to give his custody recommendations and in not granting a continuance?
This case arises out of a protracted custody and visitation dispute between Mary Ann [Zuelke] Barbie-Rice (Mary Ann) and Gordon Stephen Zuelke (Gordon). One child, Ashley Annamarie Zuelke, was born to the parties on August 22, 1987. Mary Ann and Gordon’s marriage was dissolved in 1990. In its May 30, 1990, Findings of Fact, Conclusions of Law and Decree, the District Court placed Ashley in the joint custody of both parties. The District Court adopted its “Initial Residential Plan” and noted that additional contact with Gordon would be phased in over time. Further, the District Comb ordered that a determination of whether equal time with each party was in Ashley’s best interest would be made when she reached school age.
In May of 1992, a hearing was held and, upon the recommendation of Dr. Black, a Licensed Clinical Psychologist who had evaluated Ashley and had been involved since the 1990 Decree, the District Court phased in additional contact with Gordon. The District Court ordered that “[i]f either party has concerns with ... the implementation of a plan to permit Ashley to spend an equal amount of time with both parents, they are to discuss the same with Dr. Black.” Further, the District Court noted that serious tension and hostility between Mary Ann and Gordon was having an adverse impact on Ashley.
Thereafter, in November of 1993, Gordon asked Dr. Black to start a phase-in program for equal time custody. In December of 1994, Dr. Black mailed a written report to the District Court recommending equal custody with each parent having alternating six-month periods. A hearing was held on February 28, 1995, and on April 18, 1995, the District Court ordered that equal time custody be implemented. Mary Ann appeals from this order.
1. Did the District Court err in implementing an equal custody arrangement of the parties’ child?
In reviewing a district court’s child custody determination, we determine whether the district court’s findings are clearly erroneous. In re Marriage of Dreesbach (1994), 265 Mont. 216, 220-21, 875 P.2d 1018, 1021. The findings of fact must be based on substantial credible evidence, and the court’s decision will be upheld unless a clear abuse of discretion is shown. Marriage of Dreesbach, 875 P.2d at 1021; In re Marriage of Hunt (1994), 264 Mont. 159, 164, 870 P.2d 720, 723.
In its May 30, 1990, Findings of Fact, Conclusions of Law and Decree, the District Court stated that, as time goes by, additional *365 contact with Gordon should be phased into the custody arrangement. The court ordered that “the parties shall work with the counselor to develop a plan to permit Ashley to spend more time with Gordon.” In its finding number 11, the court stated that:
It is in the best interest of Ashley that the above plan, or some form of it, remain in effect until Ashley reaches school age, and that the parties at that time renegotiate a plan to permit Ashley to spend an equal amount of time with her father. When Ashley reaches school age, the parties shall consult with Dr. Black, or another qualified professional. The consultation shall have as its goal the determination of whether equal time with both parents is in the child’s best interests. Equal time shall be ordered if Dr. Black, or another qualified professional, feels that equal time is in the child’s best interests.
This 1990 provision contemplated the phase-in which later occurred in this case. Dr. Black made a recommendation that equal custody was in Ashley’s best interest and the District Court implemented that recommendation. In its April 18,1995 order, the court stated that “[i]t is clear that since June 1 of 1990 this Court has contemplated that the parties would be moving to an equal custody plan with their minor child.”
Mary Ann argues that the District Court order implementing equal custody was a change in her primary residential custody and, as such, the prerequisites of § 40-4-219, MCA, had to be satisfied. Further, Mary Ann asserts that this Court’s holding in In re Marriage of Johnson (1994), 266 Mont. 158, 879 P.2d 689, is controlling and requires that the jurisdictional requirements set forth in § 40-4-219, MCA, be satisfied when the effect of the order is to substantially change the child’s primary residence. The District Court found that:
This is not a situation where a change in custody was not contemplated by this Court from the entry of its original Order in June of 1990. All the parties were put on notice at that time that we were working toward as equal custody arrangement. This is not a situation where one parent is seeking to significantly alter a custody arrangement. This Court has specifically adopted a custody plan in its decision of June 1,1990, and that plan included an eventual move to equal custody.
The fact that equal custody had been contemplated since the original Decree in 1990 supports the District Court’s conclusion that the Order Implementing Equal Custody was precisely *366 that — implementation of a previous order — not a modification of custody.
The record reflects that the District Court carefully considered the best interests of the child, as set forth in § 40-4-212, MCA, in implementing the equal custody arrangement. The court noted that “Mary Ann exudes anxiety and that feeling is picked up by the child” and that the equal custody implementation would benefit Ashley’s mental health development. We conclude that the District Court’s findings are not clearly erroneous and that the District Court did not abuse its discretion in implementing equal custody.
In addition, Mary Ann asserts that the District Court erred in not requiring Gordon to file an affidavit supporting what she termed his “modification of custody,” pursuant to § 40-4-220, MCA. However, the District Court determined, and we agree, that § 40-4-220, MCA, is inapplicable in the instant case. The District Court’s implementation of joint custody was not a modification, rather, it was the implementation of the 1990 Decree. Thus, compliance with § 40-4-220, MCA, was not necessary.
2. Did the District Court abuse its discretion in allowing an expert witness to testify and to give his custody recommendations and in not granting a continuance?
Mary Ann argues that the District Court erred in allowing Dr. Black to testify at the hearing. She alleges that Dr. Black had a “built in bias” in recommending equal custody and that this bias compromised his impartiality in the evaluation. In reviewing a district court’s ruling on the qualifications and competency of an expert witness to express an opinion we have held that:
[T]he determination of the qualification and competency of expert witnesses rests largely within the trial judge, and without a showing of abuse of discretion, such determination will not be disturbed.
Cottrell v. Burlington Northern R. Co. (1993), 261 Mont. 296, 301, 863 P.2d 381, 384 (citing Foreman v. Minnie (1984), 211 Mont. 441, 445, 689 P.2d 1210, 1212). Mary Ann asserted her objection to Dr. Black’s testimony both to Dr. Black during his evaluation, and to the District Court. However, the court found that Dr. Black’s recommendation of equal custody should be implemented and that equal custody was in Ashley’s best interest. We cannot say that the discretionary decision to permit Dr. Black to testify was an abuse of discretion, thus, the District Court’s determination will not be disturbed.
*367 Finally, Mary Ann asserts that she should have been granted a continuance in order for her to obtain an expert of her own choosing. In reviewing discretionary trial court rulings we determine whether the district court abused its discretion. May v. First Nat’l Pawn Brokers, Ltd. (1995), 270 Mont. 132, 133, 890 P.2d 386, 388. The District Court noted that Dr. Black had an ongoing involvement in the case, and had initially been involved at Mary Ann’s request. The court found that these parties had already seen numerous counselors. Further, the court noted that it had previously expressed its concern, in its June 1992 order, that too many counselors had been involved in the case. The court stated that “[Constantly involving this child with new counselors and in custody fights is not helping any of these parties.” Thus, based on the District Court’s findings, its 1992 order, its admonition of the parties of the detrimental nature of additional custody disputes, and Dr. Black’s testimony, we cannot say that the District Court abused its discretion in refusing to grant the continuance in order to allow Mary Ann to secure the testimony of an additional expert witness.
Affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES ERDMANN and HUNT concur.
JUSTICE TRIEWEILER did not participate.