No. 99-038

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 184N

IN RE THE MARRIAGE OF

BARBARA JEAN ZIMDAR,

Petitioner and Respondent,

and

GERALD LEE ZIMDAR,

Respondent and Appellant.

APPEAL FROM: District Court of the Fifth Judicial District,

No

In and for the County of Jefferson,

Honorable Frank M. Davis, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Michael Scott Winsor, Winsor Law Firm, Helena, Montana

For Respondent:

Julia M. Weddle, Helena, Montana

Submitted on Briefs: July 15, 1999

Decided: July 28, 1999

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Gerald Lee Zimdar (Jerry) appeals from the judgment entered by the Fifth Judicial District Court, Jefferson County, in this dissolution of marriage. We affirm.**

**¶3. Jerry argues that the District Court should have continued the dissolution hearing at which he failed to personally appear. He initially alleges that the court's failure to continue the hearing deprived him of property without due process of law. He makes this argument despite his admissions that he received notice of the hearing and that his counsel was present at the hearing but did not move for a continuance. Jerry has not cited any case law supporting his argument, but he has pointed out two cases which undermine it: *In re Marriage of Miller* (1993), 260 Mont. 15, 858 P.2d 338, and *In re Marriage of Robbins* (1985), 219 Mont. 130, 711 P.2d 1347. Under the facts of this case, we see no due process violation.**

**¶4. Moving beyond the constitutional argument, our standard of review for discretionary trial court rulings such as denial of a motion for a continuance is whether the district court abused its discretion. *In re Marriage of Zuelke* (1995), 274 Mont. 362, 367, 909 P.2d 684, 686. Sections 25-4-501 and -503, MCA, set forth two statutory grounds on which a court may grant a continuance. Section 25-4-501, MCA, provides that "[a] motion to postpone a trial on grounds of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to procure it." Section 25-4-503, MCA, states that "[u]pon good cause shown and in furtherance of justice, the court may, in its discretion, postpone a trial or proceeding upon other grounds than the absence of evidence under such conditions as the court may direct."**

¶5. A court does not abuse its discretion in denying a motion for continuance to obtain additional evidence if no affidavit is filed to support the motion. *Matter of T.M. M.* (1988), 234 Mont. 283, 289, 762 P.2d 866, 870-71. In this case, not only was no affidavit filed, but Jerry's counsel specifically asked the court to proceed with the hearing and enter a decree of dissolution. We hold the court did not abuse its discretion in failing to grant a continuance.

¶6. Jerry next argues that the court's property distribution was based upon Barbara Zimdar's incomplete and self-serving testimony and did not comport with the standards set forth at § 40-4-202, MCA. Jerry asserts that the court did not inquire about the duration of the marriage, prior marriages, valuation of the real property, marital contributions, valuation of personal property, proof of who made payments on real or personal property, or retirement benefits and life insurance policies.

¶7. We have noted that the factors set forth at § 40-4-202, MCA, are not requisite criteria to be individually itemized in every property distribution decree. *Cruikshank v. Cruikshank* (1986), 222 Mont. 152, 154, 720 P.2d 1191, 1193. As long as the trial court gives the basis of its ultimate conclusions and findings of fact, this Court will not interfere with the exercise of the trial court's discretion. *Cruikshank*, 222 Mont. at 154, 720 P.2d at 1193.

¶8. Contrary to Jerry's assertions, the hearing transcript includes inquiries about the duration of the parties' marriage, marital contributions, and the value of the 1960 mobile home, the largest item of personal property. The record indicates that marital property was minimal. While Jerry complains that the court included in the marital estate property owned by his father, the court properly noted that the extent of the marital interest in that property was "a contingency to a life estate remainder." To the extent that this represented a marital interest in the property, the court awarded that interest to Jerry.

¶9. The District Court adequately set forth the basis of its property distribution decree in its findings, conclusions, and judgment. We hold that the court did not act arbitrarily or exceed the bounds of reason in dividing the parties' property.

¶10. We affirm the decision of the District Court.

No

/S/ J. A. TURNAGE


We concur:


/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART